# MARIA DE SOUZA AND HILDA SERPA *v.* MANUEL SOARES AND VIRGINIA SOARES.

### APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED OCTOBER 14, 1912.          DECIDED OCTOBER 23, 1912.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

DEEDS—*undue influence—constructive fraud.*

A bill in equity to cancel and set aside a deed which alleges weakness of mind and body, fear engendered by the grantee, and lack of independent advice on the part of the grantor, and undue influence on the part of the grantee, but which does not set up gross inadequacy of price, is not demurrable for the want of equity.

PLEADING—*bill to cancel deed—inadequacy of consideration.*

A general averment in a bill to cancel and set aside a deed that

de Souza v. Soares, 21 Haw. 330.

the price paid was so grossly inadequate as to render the transaction fraudulent, in the absence of a statement of any facts, is an allegation of a mere conclusion of law.

SAME—*setting out or describing deed.*

In a bill in equity to cancel a deed it is sufficient to describe the deed so that it may be identified and to plead its legal effect. The deed need not be set out in full.

OPINION OF THE COURT BY ROBERTSON, C.J.

This is a suit in equity to cancel and set aside a deed alleged to have been executed on the 26th day of June 1908 by Maria de Souza conveying certain land and personal property to Manuel Soares. The defendants demurred to the bill for want of equity, misjoinder of parties plaintiff and defendant, and because the deed in question was neither set out nor sufficiently described. A motion to amend the bill by striking out the name of Hilda Serpa, one of the plaintiffs, and that of Virginia Soares, one of the defendants, and to eliminate reference to the personal property, which was alleged to belong to said Hilda Serpa, was disallowed seemingly upon the ground that the bill even if amended would not state a case for equitable relief. The demurrer was sustained and the bill dismissed.

Regarding the suit as that of Maria de Souza against Manuel Soares, having for its object the rescinding of the conveyance of the land, we have a bill which, though crudely drawn, contains the following averments: That the defendant is the husband of the sister of plaintiff's deceased husband; that immediately after the death of plaintiff's husband the plaintiff and her children, at the request of defendant and his wife, Virginia Soares, went to reside with them at their home; that plaintiff was ill and her mind was affected; that the defendant and his wife, fraudulently conspiring to overcome the wish and will of the plaintiff and to acquire the ownership of her land, induced plaintiff to look upon them as her protectors and advisers, told her that her house was haunted by ghosts, and that she would suffer from illness if she should return there; that they importuned

and urged her to convey her land to the defendant, assuring her that if she would go elsewhere to live she would recover from her illness; that on the 26th day of June 1908, the plaintiff being shaken and enfeebled by sickness and fear, suffering from bodily and mental weakness, relying on the defendant and his wife and believing what they told her, being frightened at what they said, overcome by their harassing influence, importunities and entreaties, and without having independent advice, yielded to the pressure, and against her own wish and will executed the deed in question and went to California. The bill alleges the willingness of the plaintiff to return the purchase money, and the refusal of the defendant to reconvey the land upon plaintiff's offer to return it, and prays that upon payment thereof by plaintiff to defendant the deed may be canceled and set aside. Damages are improperly alleged and prayed for but the demurrer does not reach that defect. It is averred that the consideration named in the deed, $1250., of which only $1100. was paid, was grossly inadequate and disproportioned to the value of the property and to such an extent as to render the transaction unconscionable and fraudulent. Counsel for the defendant presses the thought that as the actual value of the property is not stated the allegation as to inadequacy of price amounts to only a conclusion of law. We think the point is well taken. The general averment that the price paid was so grossly inadequate as to render the transaction fraudulent, in the absence of a statement of any facts, must be regarded as simply the conclusion of the pleader. It would be for the court to say whether, upon a certain state of facts, the purchase price was, as a matter of law, unconscionably inadequate. The allegation with reference to the purchase price would be amendable. But aside from the matter of inadequacy of consideration, the bill, as above shown, sets up weakness of mind and body, fear, and lack of independent advice on the part of the grantor, and undue influence on the part of the grantee. Such a state of facts would, if proven, entitle the plaintiff to the rescission of the conveyance in the absence of any countervailing equity.

de Souza v. Soares, 21 Haw. 330.

It is not the theory of this bill, as we understand it, that the plaintiff did not possess sufficient mental capacity to enable her to make a valid deed.   The claim that the plaintiff was not a free agent but acted under the domination of the defendant and his wife in effect presupposes that the plaintiff did possess the requisite legal capacity.   But the exercise of undue influence is itself a species of constructive fraud which will render voidable a conveyance of property made in obedience to its command. Gross inadequacy of price, if properly pleaded, would furnish an additional reason for scrutinizing the transaction.   "Where there is no coercion amounting to duress, but a transaction is the result of a moral, social, or domestic force exerted upon a party, controlling the free action of his will and preventing any true consent, equity may relieve against the transaction on the ground of undue influence, even though there may be no invalidity at law. * * * The doctrine of equity concerning undue influence is very broad and is based upon principles of the highest morality.   It reaches every case, and grants relief 'where influence is acquired and abused, or where confidence is reposed and betrayed.'   It is specially active and searching in dealing with gifts, but is applied, when necessary, to conveyances, contracts executory and executed, and wills."   2 Pom. Eq. Jur. Sec. 951. And see *Harding* v. *Handy,* 11 Wheat. 103, 125; *Sears* v. *Shafer,* 6 N. Y. 268, 272; *Anthony* v. *Hutchins,* 10 R. I. 165, 176; *Shevlin* v. *Shevlin,* 96 Minn. 398, 412.

It is not necessary to set out the deed in full or to annex a copy of it to the bill.   Its legal effect was pleaded and it was described by its date, the names of the grantor and grantee, and the lands conveyed.   That was sufficient.   6 Cyc. 327, 328. The motion to amend the bill should have been allowed.

The decree appealed from is reversed and the case remanded to the circuit judge.

*W. L. Stanley* (*Joseph S. Ferry* on the brief) for plaintiffs. *Carl S. Carlsmith* for defendants.