## MARIA DE SOUZA *v.* MANUEL SOARES.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED JANUARY 12, 1914.                    DECIDED JANUARY 26, 1914.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

FRAUD—*burden of proof.*

> In a suit to cancel a deed on the ground that it was obtained by undue influence and misrepresentation the burden of proving the fraud is, in the absence of a fiduciary relation, upon the grantor who charges it.

EQUITY—*finding of trial judge—weight.*

> The finding of a trial judge in an equity case upon an issue of fact the determination of which depends largely upon the weighing of conflicting testimony is entitled to great weight.

### OPINION OF THE COURT BY PERRY, J.

This is a suit in equity for the cancellation of a deed. A sufficient summary of the allegations of the original bill is to be found in the opinion of this court upon the appeal from the decree sustaining a demurrer and dismissing the bill. 21 Haw. 330. The case stated in an amended bill subsequently filed is essentially the same in so far as the issues involved in the present appeal are concerned. After trial upon the facts the court below dismissed the bill. Hence this appeal.

The plaintiff's husband died at Wainaku, Hawaii, on February 29, 1908, leaving to her by will the land described in the bill and containing an area of 2.97 acres and devising to his children certain personal property. For the first month or two after his death the widow and her family continued to live in the home so devised to her and then took up their abode at the defendant's home. There they remained for two or three months. On June 22, 1908, the plaintiff executed to defendant a bill of sale of all of the furniture and a "horse, brake, harness, plows, cultivator and saddle" left by the deceased husband and four days later a deed of the land, for the consideration of $1250

all of which was paid by the defendant. These instruments were executed while plaintiff was living at the defendant's home. About the first of August of the same year plaintiff and her family left Hilo for California, being accompanied as far as Honolulu by defendant and his wife. Prior to her departure for California, and perhaps for some time thereafter, plaintiff was somewhat ill and nervous. A physician was called in once by her but declared that she did not need medical attention. She did the family washing and other household duties and walked long distances. After an absence of about nine months in California plaintiff returned to Hawaii, again living at the defendant's home for a period of about two weeks very shortly after her arrival. During all of the time above referred to, both before and after the execution of the deed and for about two or three years after plaintiff's return from California the relations between plaintiff on the one hand and defendant and his wife on the other were entirely cordial. The correspondence had during the plaintiff's absence was of a very friendly nature. To defendant's wife plaintiff wrote, inter alia, on November 7, 1908, "You have been more than a mother to me" and "My compadre Jose do Porto told them that my uncle Manuel is well delighted with the land, but I told them that I sold it of my own free will; that's what uncle Manuel has given his money for and he had not robbed any one." Not until February 24, 1912, were any steps taken toward securing a reconveyance of the land, demand being made on that day. This suit was commenced May 9, 1912.

The foregoing findings are based in part on undisputed evidence and in part on evidence the truth of which, though disputed, we find no reason to doubt.

The plaintiff's claim is, not that she was at the time mentally incompetent to convey land, but that she executed the deed at the defendant's pressing solicitation and in consequence of undue influence exerted upon her by defendant and his wife when plaintiff was ill and nervous and by the misrepresentation

De Souza v. Soares, 22 Haw. 17.

that plaintiff's house was haunted by ghosts and that she could not recover her health while living there. The defendant denies the truth of these charges and claims that the plaintiff made the sale and conveyance of her own free will and because she desired to leave with her family for California and to rid herself of undesirable neighbors. The evidence adduced upon this main issue was conflicting. The circuit judge, although basing his decree in part upon another ground, found "not only that the plaintiff had failed to establish fraud by a preponderance of the evidence but that the defendant's testimony of the absence of misrepresentation, though not absolutely convincing, carries with it more weight than the testimony of the plaintiff." Such a finding made by one who saw and heard the witnesses and was in a position more favorable than ours to weigh the evidence, is entitled to great weight. Moreover, our own conclusion concerning the comparative weight of the evidence on the two sides of the case is to the same effect. In giving her testimony the plaintiff was evasive and lacked in frankness. Her memory upon important points was very poor. Her testimony was such as not to admit of that reliance which would be requisite to justify the cancellation of a solemn deed. While the defendant was the brother of her husband, the evidence shows clearly that no relation of trust and confidence existed between the parties. Plaintiff admitted that in no transaction other than that of the deed had the defendant given her advice. Throughout that period she had an attorney whom she consulted freely on other matters and who drew the deed in question. The burden of proving the fraud charged was upon the plaintiff and that burden has not been successfully borne by her.

Gross inadequacy of consideration is sometimes in itself, perhaps, evidence of fraud but no evidence was adduced tending to show that the price paid for the land was inadequate. Two witnesses were asked by plaintiff for their opinions of the value of the property, but the evidence was excluded. In this reversible error was not committed. Joe Dias, whose opinion

of the value of the building was sought, although a carpenter, was unfamiliar with the prices of lumber prevailing at the date of the deed and had never made an estimate of the cost of materials for any building save his own residence and that was several years prior to the sale to defendant. Joe de Porto, the other witness, was a stone mason and had bought and sold two pieces of land in Wainaku in or before the year 1900. Even if in strictness admissible the opinion of this witness would have been of very little weight. There is no reason for believing that if it had been admitted a decree for the plaintiff would have been required or justified. No other evidence of value was offered.

The decree appealed from is affirmed.

*J. S. Ferry* for plaintiff.

*C. S. Carlsmith* for defendant.