MARIA JULIA DE MELLO *v.* JOHN H. WILSON, AS MAYOR OF THE CITY AND COUNTY OF HONOLULU, CHARLES N. ARNOLD, BEN HOLLINGER, JONAH KUMALAE, EBEN P. LOW, W. H. Mc-CLELLAN, M. C. PACHECO AND LESTER PE-TRIE, AS SUPERVISORS OF THE CITY AND COUNTY OF HONOLULU, D. L. CONKLING, AS TREASURER OF THE CITY AND COUNTY OF HONOLULU, JAMES BICKNELL, AS AUDITOR OF THE CITY AND COUNTY OF HONOLULU, AND THE HAWAIIAN CONTRACTING COM-PANY, LIMITED, A CORPORATION.

No. 1537.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

SUBMITTED JANUARY 28, 1925.          DECIDED APRIL 14, 1925

PETERS, C. J., PERRY AND LINDSAY, JJ.

MUNICIPAL CORPORATIONS—*street improvements.*

Whether a given district shall be improved, the nature of the improvement, whether the cost thereof shall be assessed against the land benefited on a frontage or area basis, etc., are questions within the jurisdiction of the board of supervisors and its decision on such matters, except in cases of fraud or mistake, is conclusive.

SAME—*award of contract for street improvements—acquisition of land.*

Under R. L. 1925, section 1857, the actual acquisition of land required for street improvements is not an essential prerequisite to the awarding of a contract therefor.

OPINION OF THE COURT BY LINDSAY, J.

Petitioner filed a bill for an injunction, the substance of her allegations being that the board of supervisors of the City and County of Honolulu did on October 24, 1923, award a contract to The Hawaiian Contracting

Company, Limited, for certain work, labor and materials in connection with and for the execution and completion of a certain large project and undertaking known as "Improvement Scheme No. 10 Kaimuki" within the district known as Kaimuki, in the City and County of Honolulu; that the compensation to be paid to the contracting company under the terms of said contract amounts to the sum of $1,477,897.00 of which one-third is to be paid out of the general funds of the city and county, and the remaining two-thirds by the property owners within the area of said improvement scheme, upon special assessment under the statutes of this Territory relating to street improvements by special assessment, which assessment upon the area of land owned by said property owners is of equal ratio and amount for each square foot of land, saving and excepting a portion of the said whole area included within said improvement scheme, known as the "Kaimuki Crater Property," which so-called crater property is assessed at the rate of one-quarter of the price, assessment and cost assessed against all the other property within the improvement district, all according to the assessment ordinance of said board of supervisors prepared, read and now pending upon its final passage by the said board of supervisors; that by the authority and terms of said special assessment plaintiff will be compelled to pay an assessment of $1,526.34; that the said "Kaimuki Crater Property" will be, because of the rise of the price of and the enhancement of the value thereof by reason of said contemplated improvement, equally benefited with the other property and land within said improvement scheme, and that the apportionment of assessment upon the lands in said "Kaimuki Crater Property" is inequitable and is discriminatory to almost all of the property holders in said improvement

district, other than the holders and owners of property within the "Kaimuki Crater Property," and particularly so as to the plaintiff herein; that the assessment ordinance fixing the amounts and sums payable and to be paid by the plaintiff herein and the several property owners within said improvement district has been prepared by the officials of said city and county and has been before the board of supervisors for consideration and passage at a public hearing and for the filing of protest thereto; "and that your petitioner did cause protest to be filed at said hearing;" that said hearing has been closed; that said contract provides that the surplus materials of grading and excavation required within the improvement district shall be deposited in Kapiolani Park, and used for the filling, leveling and raising of the grade of said park, that approximately one hundred thousand cubic yards of excavated material will be thus excavated, hauled and delivered from the improvement district to Kapiolani Park; that the cost of said excavating, hauling and delivery of said surplus materials has been added to the actual costs of the making and construction of the roads and streets within said improvement district and which in part is to be paid for by plaintiff under said assessment ordinance; that the character of the construction of the roads and streets as planned in said improvement scheme is such that the same will not outlast the term of ten years, which is the life of the bonds to be issued by the city and county to cover the costs of said scheme and project, and that the character and nature of the construction of said roads and streets is not such as may be, properly, had under the provisions of the statutes of this Territory and paid for under the said assessment laws by the abutting owners; that in order to carry out and complete said improvement scheme it is and will be neces-

sary to acquire certain five parcels of land now held and
owned by private parties; that the board of supervisors,
acting under the authority of resolution No. 1884, as
passed during the month of September, 1923, has author-
ized the city and county attorney to institute proceed-
ings in eminent domain for the purpose of acquiring
the said five parcels of land; that none of the said
parcels of land have been acquired by said city and
county; that under the laws of this Territory the board
of supervisors is required to acquire said mentioned
parcels of land "before the final award of the contract."

The bill concludes with a prayer praying that respond-
ents appear and answer the bill; that an order forth-
with issue commanding the defendants to appear and
show cause why the prayer of petitioner should not be
granted; that a temporary restraining order forthwith
issue enjoining and restraining the defendants from pro-
ceeding further with the execution of said contract;
and that upon a due hearing hereof a permanent and
perpetual injunction may issue against the defendants
from proceeding further with said improvement scheme,
or from the passage and enactment of said assessment
ordinance, or from the assessment, levy and collection
of money by reason thereof, and that the court order
a cancelation of said contract.

Defendants filed a return to the order to show cause,
and also demurred on the ground (also on numerous
other grounds) that the plaintiff's bill did not state
facts which constitute a cause of action. Defendants
also filed a supplemental return to the order to show
cause. The demurrer was argued before the circuit
judge and taken under advisement. Before the judge
rendered his decision on the demurrer, defendants filed
a plea setting forth that, as set forth in paragraph 16

of plaintiff's bill, the board of supervisors duly and regularly passed a resolution, being resolution No. 1884, thereby determining that certain five parcels of land were necessary for the completion of the Kaimuki improvement scheme; that subsequent to the passage of said resolution the officials of the city and county have acquired by purchase pieces numbers 1, 2, 3 and 5 of said lands; that as to piece No. 4, which is owned by one David H. Lewis, at the time of the passage of the said resolution, respondents believed that the city and county had an easement across said parcel, but have subsequently been apprised of additional facts whereby it appears that the city and county did not have such easement across the same, hence the city and county attorney did, on February 2, 1924, file a suit in the first circuit court praying that said parcel No. 4 be condemned for said road improvement purpose; that subsequent to the filing of said suit and, on to-wit, the 5th day of February, 1924, and pursuant to the provisions of section 1803, R. L. 1915, and in order to obviate any possible question as to the previous award of the contract to The Hawaiian Contracting Company, Limited (which contract was awarded when the said officials believed that they had an easement across said parcel No. 4), the board of supervisors duly and regularly passed a resolution, being resolution No. 30, wherein and whereby they reawarded said contract and confirmed all previous actions and proceedings had by them in that regard. The plea concluded with a recitation that the only possible question, that, under the law, could be presented to the court by plaintiff's bill, has now become moot and not entitled to further consideration.

In a special traverse filed by plaintiff to the foregoing plea, it is set forth that it affirmatively appears

by the plea that all of the said five parcels of land were not acquired by the city and county prior to the execution of said contract, and specifically, that parcel No. 4 had not been nor has been acquired by the city and county.

The circuit judge, evidently treating the traverse as a demurrer to the plea, sustained the demurrer to the bill and the plea. No effort was made by plaintiff to amend the petition or the traverse. A decree was entered dismissing the bill, from which decree the plaintiff has come here on appeal.

Plaintiff in her brief has confined herself to three grounds on which she asserts that the circuit judge erred in dismissing her bill, and we take it that she has abandoned all the other grounds. The grounds relied on here are, that the facts alleged in the bill show, (1) that the assessment of so much per square foot upon all of the property included within the said improvement district, with the exception of the crater property, without regard to the benefits to accrue to such property by said improvement work, is unreasonable, discriminatory and tantamount to the taking of property without due process of law, (2) that the board of supervisors did not acquire, before making an official award of the contract for the improvement work, the five parcels of land necessary to acquire in order to complete said improvement work, and, (3) that the board of supervisors acted wrongfully in providing a lesser rate of assessment for the "Kaimuki Crater Property" than it did for the remainder of the property in the improvement district.

Under the facts presented by the pleadings, it appears that the city and county officials have, pursuant to the powers vested in them by chapter 119, R. L. 1925, deemed it expedient to improve that large section of the City

of Honolulu known as Kaimuki, and, to that end, have created, defined and established an improvement district in that neighborhood. In the procedure for the carrying out of the projected improvement, in the absence of allegations in the bill to the contrary, it must be assumed that the board of supervisors has followed the provisions of the statutes relating to such proceedings. Whether a given district shall be improved, the nature of the improvement, whether the cost thereof shall be assessed against the land benefited on a frontage or area basis, etc., are all questions within the jurisdiction of the board of supervisors and its decision on such matters, except in case of fraud or mistake, is conclusive. *Taylor* v. *City & County,* 25 Haw. 58. Section 1855, R. L. 1925, provides that any owner of property proposed to be assessed may, at the public hearing provided for that purpose, file with the board any protest, objection or suggestion as to the proposed improvement. In the instant case, although plaintiff alleges in her bill that at the public meeting, "your petitioner did cause protest to be filed," it nowhere appears what the nature of such protest was nor the grounds upon which the said protest was based. Furthermore, even if it be assumed that, at the public hearing, plaintiff did protest against the projected improvement upon all of the grounds on which she now seeks to sustain her bill, it cannot be assumed that the board of supervisors arbitrarily overruled her protest. On the contrary, in the absence of allegations to the contrary, we must assume that the board gave due consideration to the protest of the plaintiff and overruled the same for cogent reasons. It therefore follows that the circuit judge was correct in holding that, inasmuch as no allegations of fraud or mistake had been alleged, the decision of the board of supervisors as to the de-

tails of the improvement scheme in question was final, and that the objections of plaintiff thereto as alleged in her bill did not constitute a cause of action.

The remaining ground advanced by plaintiff as to why the circuit judge erred in dismissing her bill, is that the board of supervisors did not acquire certain five parcels of land, necessary for the completion of the proposed improvement, before making the final award of the contract.

Plaintiff's bill was filed on October 27, 1923. As shown by the pleadings herein, the board had through mistake, error, or misapprehension not acquired the five parcels of land in question before the contract was awarded on October 24, 1923. When, apparently through the action of plaintiff in bringing suit, the matter was brought to the attention of the board, it proceeded to rectify the matter by purchasing outright four of the five parcels, and the city and county attorney promptly filed an action for condemnation of the remaining parcel. The board by resolution then reaffirmed, ratified and re-awarded the contract of October 24, 1923. That this was within the power of the board seems clear from the language of section 1863, R. L. 1925, which provides that "No delay, mistake, error, defect, or irregularity in any act or proceeding authorized by said sections shall prejudice or invalidate any assessment; but the same may be remedied by subsequent or amended acts or proceedings and, when so remedied, the same shall take effect as of the date of the original act or proceeding."

The special traverse interposed by plaintiff to respondents' plea does not in fact deny the truth of the allegations of said plea and may be treated as a demurrer to the plea. That plea sets forth that as to four of the five parcels, the city has acquired the same by pur-

chase and that proceedings in eminent domain have been regularly instituted for the purpose of acquiring the remaining parcel. In fact, the only answer contained in the special traverse to this allegation is that a showing that condemnation proceedings have been instituted is not sufficient, but before a contract for such an undertaking may be awarded, it must appear that the board has actually acquired every piece of land required for the improvement, either by purchase or by judgment in condemnation proceedings and payment thereunder. Another question that might suggest itself is whether the mere adoption by the supervisors of the resolution authorizing the city and county attorney to institute condemnation proceedings would satisfy the requirements of the statute as a preliminary to the award of the contract, or whether the statute requires as such a preliminary the actual commencement of the suit. There is no merit in the petitioner's contention that acquisition of the property is a necessary prerequisite. Section 1857, R. L. 1925, provides that "In case such improvements so determined upon shall require the acquisition of any new land therefor, the board shall acquire the same before final award of the contract, either by deed, or other voluntary conveyance from the owners thereof, or they may, at their option, and in the name of the city and county cause condemnation proceedings to be brought to acquire the same in like manner as by law now or hereafter provided for like proceedings when brought by the superintendent of public works. If the cost of acquiring such land shall exceed the estimate therefor, the board may provide for such excess cost by general appropriation." From the language of the statute quoted it cannot be inferred that it was the intention of the legislature that, when the city officials have determined upon a street improvement

scheme such as that under consideration, no contract may be awarded nor the work proceeded with until every parcel of land required therefor is actually owned by the municipality in fee. Such a requirement would be ridiculous upon the face of it. As to the two other possible constructions of the statute just suggested, no opinion need be expressed. If the mere adoption of the resolution authorizing suit satisfies the statute, the bill sets forth the taking of that step and the demurrer was properly sustained. If, on the other hand, actual commencement of the condemnation suit was requisite, the plea shows that the suit was in fact instituted and the contract reawarded thereafter.

It appearing that when the matter was before the circuit judge, all formalities necessary for the commencement of the street improvement scheme had been followed, no fraud or mistake having been alleged in connection therewith, and that all new lands required for the completion thereof had been either actually purchased or condemnation proceedings for the acquisition thereof had been duly instituted, the question as to the acquisition of the same was, as held by the circuit judge, a mooted one, and the demurrer to the petition and the plea were, therefore, properly sustained.

The decree of the circuit judge is affirmed.

*W. B. Pittman* and *H. T. Mills* for plaintiff.

*W. H. Heen,* City and County Attorney, and *R. A. Vitousek* for defendants other than The Hawaiian Contracting Company, Limited.

*Thompson, Cathcart & Beebe* for The Hawaiian Contracting Company, Limited.

No. 1555.

MOTION FOR CANCELATION OF BOND AND DISCHARGE
OF SURETY.

*S. B. Kemp (Huber & Kemp* and *W. C. Tsukiyama* on the brief) for the motion.

*M. F. Prosser (Frear, Prosser, Anderson & Marx* and *A. E. Steadman* on the brief) contra.