# FRANK NICHOLS *v.* WAH CHONG SUN.

## No. 1583.

### EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
### HON. J. J. BANKS, JUDGE.

SUBMITTED FEBRUARY 4, 1925.          DECIDED MAY 13, 1925.

### PETERS, C. J., PERRY AND LINDSAY, JJ.

JUDGMENTS—*lien of—docketing and recording judgment.*

> The issuance of execution is not necessary to the perfection of a judgment lien provided by R. L. 1925, s. 2434.

SAME—*same—same.*

> The recordation in the registry of deeds of a certified copy of the judgment docket of the circuit court is a compliance with the provisions of R. L. 1925, s. 2434.

EXECUTION—*levy—presumption.*

> In the absence of facts to the contrary it will be presumed that the officer executing the writ performed his duty.

JUDGMENTS—*lien of—adverse interests subsequent lien.*

> A judgment lien confers upon the judgment creditor the right to levy upon the real property of the judgment debtor to the exclusion of adverse interests subsequent to the establishment of the lien and prior to issuance of execution.

OPINION OF THE COURT BY PETERS, C. J.

This is a statutory action at law to quiet title to lands. Plaintiff by his complaint claimed title to the premises in fee simple subject to a prior subsisting mortgage and alleged the source of his title to be a sheriff's deed to him made pursuant to a sale upon execution issued from the district court of Honolulu. It is recited in the sheriff's deed that on March 7, 1922, the judgment of the district court upon which the execution was issued was "duly docketed in the office of the clerk of the circuit court of the first judicial circuit, Territory of Hawaii, and * * * recorded in the office of the registrar of conveyances"

(registry of deeds) "in liber 143, pages 169-170 inclusive." The execution under which sale was made was issued by the magistrate on July 11, 1923. After answer. filed the defendant by leave of court filed a so-called "plea in bar" alleging as reasons for barring plaintiff's action: (1) That the judgment of the district court as docketed in the circuit court of the first circuit had not been recorded in the registry of deeds as required by R. L. 1925, s. 2434, for the reason that only a certified copy thereof had been recorded; (2) that the return of the sheriff upon the execution pursuant to which the sale of the premises claimed by the plaintiff was made did not disclose a state of facts entitling the levy of the writ upon the real property of the judgment debtor; (3) that subsequent to the abortive attempt of the judgment creditor to establish a judgment lien under the provisions of R. L. 1925, s. 2434, and prior to the issuance of execution out of the district court the judgment debtor, to wit: on June 19, 1922, for a good and valuable consideration conveyed the lands in dispute to the defendant in the instant case since which time the judgment debtor had had no further right, title or interest therein; (4) that plaintiff acquired by the sheriff's deed to him no interest in the lands described therein. To the plea in bar the plaintiff interposed a general demurrer. The demurrer was sustained and the defendant allowed an interlocutory bill of exceptions.

1. The defendant claimed by his plea in bar that the judgment creditor had failed to establish a statutory judgment lien for the reason that he had only recorded in the registry of deeds a certified copy of the "judgment docket" of the circuit court while in his brief in this court he now claims the judgment lien did not attach until issuance of execution on the judgment. Assuming that both points are properly before the court, we find them to be without merit. R. L. 1925, s. 2434, which provides

a judgment lien, contains no reference to the issuance of execution. The section of the Civil Code involved in the case of *Lindsey* v. *Kainana,* 4 Haw. 165, cited by defendant, specifically provided that the judgment should constitute "a lien upon the movable property of the defendant in execution * * * from the time and according to the priority of the levy." Obviously the case is not in point. The judgment lien comes into existence upon compliance by the judgment creditor with the provisions of the statute requiring the docketing of the transcript of the judgment certified by the magistrate of the district court in the office of the clerk of the circuit court of the judicial circuit in which the district court is situated and the recording of the "judgment docket" in the registry of deeds in a book specially kept for that purpose within fifteen days after such docketing. The plea in bar in effect admits that the judgment creditor had docketed in the first circuit court a transcript of the judgment of the district court duly certified. This constituted the "judgment docket" of the circuit court. A recording of a certified copy of the judgment docket was a compliance with the statute.

2. It was unnecessary for the return to the execution in order to justify the levy upon real property to negative the necessity of levying upon personal property of the judgment debtor. It is true that the form of execution set forth in R. L. 1925, s. 2437, contains the command to the officer executing the writ "to levy upon the personal property of" (the judgment debtor) "if any within your district, and if sufficient cannot be found, then upon his real property within said district * * *." There is no claim made by the plea in bar, however, that the officer executing the writ did not comply with its provisions in that regard. The claim merely is that the return does not show that he did. It must be assumed that the officer

executing the writ performed his duty. There is nothing before the court to show that he did not perform his duty.

3.   Nor could the judgment debtor by his conveyance to this defendant deprive the judgment creditor of the right to levy upon whatever interest the judgment debtor had in the lands subject to the conveyance at the time of the perfection of the judgment lien. The purpose of a statute creating a judgment lien is to preserve to the judgment creditor the status existing at the time of the creation of the lien to the exclusion of adverse interests subsequent to the establishment of the lien and prior to the issuance of execution. The United States Supreme Court in interpreting a statute granting a general lien by judgment on land, said: "It * * * confers a right to levy on the same to the exclusion of other adverse interests subsequent to the judgment; and when the levy is actually made on the same the title of the creditor, for this purpose, relates back to the time of his judgment so as to cut out intermediate incumbrances." *Conard* v. *Atlantic Insurance Co.,* 1 Pet. *386, *443. See also *Ashton* v. *Slater,* 19 Minn. *347, top pp. 300, 303; *Young* v. *Templeton,* 4 La. Ann. 254, 50 Am. Dec. 563; Jones on Liens, Sec. 13.

4.   The conveyance by the judgment debtor to this defendant was subsequent to the establishment by the judgment creditor of his judgment lien. Hence defendant took title to the lands conveyed subject to the lien and subject to levy to the extent of the interest of the judgment debtor therein at the time of the perfection of the lien. Whatever that interest was it was sold upon execution and vested in the plaintiff in this case by virtue of the sheriff's deed.

The demurrer to the plea in bar was properly sustained.

The exception of the defendant is overruled.

*E. J. Botts* for plaintiff.

*C. F. Peterson* for defendant.