## YUKINO TOWNSEND *v.* DAVID KAKANI KUPA AND KATHERINE CHANG KUPA.

## NO. 2876.

ARGUED MAY 28, 1953.                    DECIDED JULY 27, 1953.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY TOWSE, C. J.

This is an appeal from an order of the chancellor vacating prior orders cancelling an agreement of sale between appellant and the appellees, who are husband and wife, and setting aside an order taking a bill pro confesso against them.

The sole issue for determination is one of fact, whether the chancellor erred in finding upon issue joined on the motion to vacate the order cancelling the agreement of sale and to set aside the order taking the bill pro confesso, that the deputy sheriff, whose return certifies service upon both appellees, did not in fact so serve the summons as certified in his return.

Upon this issue, the chancellor found: "That there is a direct conflict in the evidence and based upon the credibility of the witnesses, and it appearing to the Court that the witnesses in opposition to the motion are closely connected and appear to have a somewhat similar interst in the matter, and the testimony of the witnesses in support of the motion appearing more credible to the Court, the Court finds that service of process upon the Respondents was not made in the original Bill to cancel Agreement of Sale."

Section 10060 of the Revised Laws of Hawaii 1945 provides: "In all cases where process of any court of record or not of record or any complaint, order or citation is served by any officer of the court or of the police force including the high sheriff, his deputy, or any sheriff or his deputies, a record thereof shall be indorsed upon the back of such process, complaint, order or citation. Such record shall state the name of the person served and the time and place of service and shall be signed by the officer making the service. *And such record shall be prima facie evidence of all it contains* and no further proof thereof shall be required unless either party desires to examine such officer, in which case he shall be notified to appear for examination." (Emphasis added.)

The return, duly executed and bearing no defect upon its face certifies: "Served the within Summons as follows —DAVID KAKANI KUPA KATHERINE CHANG KUPA At Honolulu, T H this 29th day of December, 1950 by delivering to each a certified copy thereof and of the petition or complaint hereto annexed, and at the same time showing each the original. Dated Honolulu, December 29th, 1950. JACK WALTMAN /s/ Deputy Sheriff."

Appellant relies principally upon the asserted conclusive nature of the evidence adduced on her behalf at the

hearing to vacate the prior orders, and has analyzed the testimony of the witnesses in detail to establish that the appellees have not overcome the statutory presumption. To this analysis of the evidence appellant urges application of the doctrine of *Manufacturer's Life Insurance Company* v. *von Hamm-Young,* 34 Haw. 288, 303: "That this court on an equity appeal will review the entire record before it and make its own findings of fact as well as rulings of law * * *." Appellees on the other hand urge application of the qualification of that doctrine as reaffirmed in the recent case of *Hung C. Ching* v. *Fook H. Tong, Et Als.,* 38 Haw. 616, 624, that: "* * * this court in the circumstances, resorts to and adopts the established rule that issues of fact, the determination of which by the trial court is dependent solely or in a great degree upon the weighing of conflicting testimony and the credibility of witnesses, are entitled to great weight upon review. (*De Souza* v. *Soares,* 22 Haw. 17; *McCandless* v. *Castle,* 25 Haw. 22; *Nawahie* v. *Goo Wan Hoy,* 26 Haw. 137; *Jellings* v. *Garcia,* 29 Haw. 698.)."

To a great extent, the material evidence is uncontradicted, except upon the issue of fact whether service was made upon the appellees by Deputy Sheriff Waltman at the time, place, and in the manner certified in his return. The appellees originally held an encumbered fee to their home located in Honolulu. Several years prior to the instant proceeding it became involved in litigation when Mr. Kupa's brother-in-law filed suit against them. Process in that suit was served by Deputy Sheriff Waltman. Through Waltman the appellees became acquainted with the appellant who offered to assist them in their financial difficulties. This developed into a financial business relationship between the parties. Waltman at that time, and during all other times mentioned in the instant proceeding was the

appellant's agent, and as such assisted in transacting much of the business between appellant and the appellees relating to the real property in question. Deputy Sheriff Waltman also collected rentals and transacted matters before the rent control commission and other business relating to appellees' home and other properties of the appellant. The agency relationship, as well as the close personal relationship between Waltman and the appellees, is not denied. The record is not clear upon the fact although it does establish that the appellees became the purchasers of their home premises from the appellant under an agreement of sale which upon alleged default of its terms was the subject matter of the proceeding to cancel the agreement and in which the order taking the bill pro confesso against the appellees was entered.

Appellees categorically deny that either of them was served on the date, at the place, and in the manner certified in Waltman's return. They specifically deny that Waltman was at their home at any time on December 29, 1951. Waltman's return certifies personal service upon both appellees at their home on that date, and is corroborated by his testimony at the hearing. Appellant's daughter testified that she accompanied Waltman to the appellees' home in his car, removed the process from Waltman's brief case in the front seat upon arrival, handed it to Waltman and observed him enter appellees' home with the papers. Upon that evidence and Waltman's interest in the subject matter of the litigation as appellant's agent, the chancellor granted the motion to vacate the order cancelling the agreement of sale and set aside the order taking the bill pro confesso against the appellees.

There is no precedent in this jurisdiction upon the effect of conflicting interests of serving officers. In *Nichols* v. *Wah Chong Sun,* 28 Haw. 395, 397, 398, this court pre-

scribed a general rule of conduct upon an issue involving execution that: "It must be assumed that the officer executing the writ performed his duty. There is nothing before the court to show that he did not perform his duty." In *Eberhart* v. *Murphy,* 113 Wash. 449, 194 Pac. 415, 417, it was held: "That, being a presumption only, may be rebutted, and when there is evidence tending to rebut that presumption, the question is one of fact for the jury."

*Gibson* v. *Enright,* 135 Kan. 181, 9 P. (2d) 971, 972, upon the weighing of conflicting evidence relating to a return held: "The evidence was conflicting, but there was sufficient to warrant the court in reaching the conclusion it did reach. Its findings will not be disturbed."

The statute of California creates the identical presumption as does section 10060: "The return of the sheriff upon process or notices is prima facie evidence of the facts stated in the return." (Gov. C. A., § 26662.) Upon the weight to be accorded a return as prima facie evidence only, *Raker* v. *Bucher,* 100 Cal. 214, 34 Pac. 654, 655, holds: "* * * his official return, showing the manner in which he performed his duty in the matter complained of, is only prima facie evidence in his favor; and, as the truth of the return is the real question in issue in an action like this, only slight evidence aliunde is required to overcome the prima facie effect which the law attaches to the return of the officer * * *."

In *Husar* v. *Husar,* 48 Cal. App. (2d) 326, 119 P. (2d) 798, 799, both the applicable doctrine and the circumstances were paralleled with the instant case except for corroboration by other witnesses upon the issue of non-service, and the absence of an agency relationship between the sheriff and the plaintiff.

"Even where there is a charge that some of the testimony is false, it is a matter for the trial court to decide. Here we have evidence which, if believed, is ample to support the finding of the trial court that the summons and complaint in the earlier case were not served on Mrs. Husar. The judge who observed the witnesses' appearance and demeanor when testifying had an opportunity to consider the obvious self-interest of Mrs. Husar and the reasonable desire of the deputy to uphold the correctness of his return of service. We cannot say that it was unreasonable for the trial court to conclude that the deputy, because of the press of official duties, was honestly mistaken, rather than that the plaintiff was deliberately perjuring herself [and authorities cited]."

We take this opportunity to observe that Waltman as a deputy high sheriff of the Territory when acting as a serving officer, is a ministerial officer of the tribunal from which the process issues. The purport of section 10060 of the Revised Laws of Hawaii 1945 constituting a return prima facie evidence of its contents, is premised upon that status. As such, serving officers, in the performance of their duties, are required to maintain themselves unqualifiedly free and above all suspicion or possible conflict of direct or indirect interest in the litigation or the subject matter thereof concerning which they undertake to act in an official capacity. In the circumstances presented the chancellor found that sufficient interest in fact existed in the agency relationship between Waltman and the appellant, with respect to the real property in question, which affected or would tend to affect Waltman's official acts as a serving officer in effecting service upon the appellees.

Appellant argues that to permit that finding to remain unmodified would result in attaching little or no evidentiary weight to a serving officer's return in future contro-

versies, particularly in situations wherein a return is regular upon its face. We do not agree that such result would follow except in circumstances where, such as here, a serving officer has so directly permitted the intermingling of his personal unofficial interests in his capacity as agent for a party litigant with his official acts, that the performance of his official duties give rise to a doubtful practice or result when weighed against the statutory presumption. Should the facts in the instant situation have disclosed that Waltman was a totally disinterested serving officer, the bare denials of service by the appellees, uncorroborated by other evidence, would presumably be of but little probative value. Such circumstances would in themselves warrant application of the corollary to the doctrine of the *Ching case, supra:* "This adoption, however, has and does not preclude a review of the entire case with independent findings of fact and rulings by the appellate court, should the record on review so warrant." (*Hung C. Ching* v. *Fook H. Tong, et als.,* 38 Haw. 616, 624.)

We find no reason to disturb the doctrine of the *Manufacturer's Life Insurance case.* We apply to the evidence before us the settled principles applied in numerous prior cases culminating in *Hung C. Ching* v. *Fook H. Tong, et als.,* 38 Haw. 616.

We further find that the chancellor has translated and applied the grossly conflicting evidence upon the factual issue of service and the undisputed testimony of the agency relationship between Waltman and the appellant into a finding of fact premised upon the credibility and weight of the testimony, all of that evidence being deduced from a hearing wherein numerous other factors influencing the elements of credibility and the weight of that evidence were manifest. Appellant has made no showing of error, nor after exhaustive examination of the record do we find

that the chancellor erred, and we therefore accord great weight to the findings made upon that grossly conflicting testimony. Only in rare instances will this court disturb the findings of a chancellor when premised upon testimony of the character here presented. (*Hung C. Ching* v. *Fook H. Tong, et als.,* 38 Haw. 616, 624.)

The order of the chancellor is affirmed and the cause remanded for further proceedings.

*M. Doi* and *W. C. Tsukiyama* (*Tsukiyama* and *Yamaguchi* and *M. Doi* on the briefs) for appellant.

*G. Y. Kobayashi* (also on the brief) for appellees.