953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norma C. AKAU, Individually and as Special Administratrix of
the Estate of Peter John Akau, Plaintiff-Appellant,
v.
ESTATE OF Belinda V. DIFFIE, United States of America,
Defendants-Appellees.
 No. 90-15933.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Jan. 16, 1992.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norma C. Akau (Akau), the widow of Peter J. Akau, appeals from the order granting summary judgment in favor of the United States. Peter J. Akau was killed in an accident caused by Belinda Diffie, a member of the United States Navy. Akau seeks reversal of the summary judgment on the following grounds:
 
 
 3
 One. The district court erred in concluding that the United States was not liable under respondeat superior.
 
 
 4
 Two. The district court erred in concluding that the United States did not negligently supervise Diffie.
 
 
 5
 We affirm because we conclude that Akau failed to present evidence that Diffie was performing a function within the scope of her employment at the time of the accident or that the United States negligently supervised its employees.
 
 DISCUSSION
 
 6
 I. SCOPE OF EMPLOYMENT.
 
 
 7
 Akau contends that the evidence in the record is sufficient to support an inference that Diffie was on her way to get a snack at a local store as authorized by her employer. We review an order granting summary judgment de novo. In re Bullion Reserve of North America, 922 F.2d 544, 546 (9th Cir.1991); Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert denied, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990).
 
 
 8
 Akau filed this action under the Federal Torts Claim Act (FTCA) 28 U.S.C. § 1346(b). Under this statute, the United States waives governmental immunity from suit for injuries caused by "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). For members of the United States military forces, acting within the scope of office or employment means "acting in line of duty." 28 U.S.C. § 2671. The forum state's respondeat superior law must be applied in determining whether military personnel acted within the "line of duty." Williams v. United States, 350 U.S. 857 (1955); Hartzell v. United States, 786 F.2d 964, 966 (9th Cir.1986); Chapin v. United States, 258 F.2d 465, 468 (9th Cir.1958), cert denied, 359 U.S. 924 (1959).
 
 
 9
 Akau contends that the district court erred in failing to accord proper weight to the admissions set forth in the Naval Investigation Report. We disagree. The Government did not contest the admissibility of the report. The district court did not rule it was inadmissible. The report states that Diffie was on duty status at the time of the accident. The fact that the accident occurred while Diffie was on duty status does not necessarily demonstrate that she was acting within the scope of her employment at the time the accident occurred.
 
 
 10
 Akau argues that pursuant to Rule 304(c)(2) of Hawaii's Evidence Code, she was entitled to a presumption that Diffie was regularly performing her official duty when the accident occurred. Rule 304(c)(2) provides that "[i]t is presumed that official duty has been regularly performed." Haw.Rev.Stat. § 304(c)(2). This presumption "require[s] the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced sufficient to convince the trier of fact of the nonexistence of the presumed fact." Haw.Rev.Stat. § 304(b).
 
 
 11
 None of the cases cited by Akau have applied the official duty presumption to a member of the armed forces performing a military function such as watch duty. Furthermore, the presumption set forth in Rule 304(c)(2) refers to the manner in which an official duty was performed, and not to the question whether the official was acting within the scope of employment at the time the act occurred. For example, in Hawaii v. Casipe, 686 P.2d 28 (Haw.Ct.App.1984), cert denied, 744 P.2d 781 (1984), the presumption was applied to the adequacy of an interpreter's translation. Id. at 32. In De Mello v. Wilson, 28 Haw. 298 (1925), it was presumed that the board of supervisors for the City of Honolulu followed proper procedures in approving plans to improve an area of Honolulu. Id. at 304. In Nichols v. Wah Chong Sun, 28 Haw. 395 (1925), it was presumed that a member of the sheriff's office properly executed a writ of execution. Id. at 397-98.
 
 
 12
 Applying the official duty presumption to this matter does not assist Akau. If applicable, the presumption would lead us to the absurd conclusion that at the time of the accident Diffie was driving at a proper speed in the correct lane, while sober. We reject Akau's argument that under Rule 304(c)(2), she has met her burden of proving that Diffie was performing an act within the scope of her employment at the time of the accident.
 
 
 13
 Under the doctrine of respondeat superior, an employer is liable for the wrongful act of an employee if the act is within the scope of employment. Kang v. Charles Pankow Associates, 675 P.2d 803, 808 (Haw.App.1984), cert. granted, 744 P.2d 781 (Haw.1984); Matsumura v. County of Hawaii, 19 Haw. 496, 500 (1909). Whether an employee is acting within the scope of employment is a question of fact which must be determined in light of the evidence in each case. Kang, 675 P.2d at 808; Nordmark v. Hagadone, 620 P.2d 763, 765 (Haw.Ct.App.1980). The plaintiff bears the burden of proving that the employee's acts were committed within the scope of his employment. Kang, 675 P.2d at 810.
 
 
 14
 In Kang, the Hawaii Court of Appeals adopted the test set forth in the Restatement (Second) of Agency § 228 (1958) to determine whether an employee acted during the scope of his employment. The test is set forth below:
 
 
 15
 (1) Conduct of a servant is within the scope of employment if, but only if:
 
 
 16
 (a) it is of the kind he is employed to perform;
 
 
 17
 (b) it occurs substantially within the authorized time and space limits; [and]
 
 
 18
 (c) it is actuated, at least in part, by a purpose to serve the master ...
 
 
 19
 (2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master.
 
 
 20
 Kang, 675 P.2d at 808.
 
 
 21
 The district court granted summary judgment because it found that there was no evidence that Diffie was acting in the scope of her employment at the time of the accident. On a motion for summary judgment, we must view the facts in the light most favorable to the opposing party. In re Bullion Reserve of North America, 922 F.2d at 546. We must also view the inferences to be drawn from the underlying facts in the light most favorable to the opposing party. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 255 (1986); T.W. Elec. Service v. Pacific Elec. Contractors Ass'n., 809 F.2d 626, 631 (9th Cir.1987). However, a party is entitled to the benefit of only rational, reasonable, or justifiable inferences that can be drawn from the evidence. Anderson, 477 U.S. at 255; T.W. Elec. Service, 809 F.2d at 631; Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 680 (1985).
 
 
 22
 Viewing the evidence in this matter in the light most favorable to Akau, we conclude that watchstanders had the authority to leave their post for two purposes. First, watchstanders could travel about 500 yards to a vending machine area to purchase snacks. Second, watchstanders were allowed to drive to a convenience store in Makakilo to get food or drinks.
 
 
 23
 Akau presented no evidence that Diffie was driving to the Makakilo convenience store at the time of the accident. Frederick Woodby testified that he had never seen Diffie leave her post to go to the convenience store. Woodby stated that Diffie always brought her own food with her when she was on duty. He also testified that the convenience store closed around 11:00 p.m., thirty minutes before Diffie began her watch on the night of the accident. The accident occurred at 12:11 a.m. The highway on which the accident occurred led to the convenience store, Barber Point Naval Air Station, and the rest of the island of Oahu.
 
 
 24
 At the time of the accident, Diffie wore civilian clothes. Watchstanders wear uniforms on duty. Her blood alcohol level was 0.235%.
 
 
 25
 Diffie's motive for leaving her post is the key issue in this case. While summary procedures should be used sparingly where the crucial question involves motive or intent, Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 473 (1962); Barnes v. Arden Mayfair, Inc., 759 F.2d 676, 681 (9th Cir.1985), the plaintiff must offer "concrete evidence from which a reasonable juror could return a verdict in [its] favor." Anderson, 477 U.S. at 256.
 
 
 26
 Akau has failed to produce any "concrete evidence" that would support an inference that Diffie left her post to go to the convenience store. The evidence shows that the store was closed at the time Diffie began her watch. She had never previously left her post to go to the convenience store. Finally, although the store was on the highway on which the accident occurred, the highway also provided access to the rest of the island. Our independent review of the record has persuaded us that Akau failed to present sufficient evidence to persuade a trier of fact by a preponderance of the evidence that Diffie was acting in the scope of her employment at the time of the accident. See Anderson, 477 U.S. at 252 (the evidence presented in opposition to a motion for summary judgment must be sufficient to meet the requisite standard of persuasion).
 
 
 27
 II. NEGLIGENT FAILURE TO SUPERVISE.
 
 
 28
 Akau also contends that the record contains sufficient evidence to raise a material issue of fact regarding the United States' negligent supervision of Diffie. Akau asserts that the United States is liable for negligently failing to provide a written employment manual and negligently allowing Diffie to assume her post intoxicated. In order to prevail on a cause of action for negligent supervision, a plaintiff must "show that the employer knew or should have known of the necessity and opportunity for exercising such control [over the employee]." Abraham v. S.E. Onorato Garages, 446 P.2d 821, 826 (Haw.S.Ct.1968); Costa v. Able Distributors, Inc., 653 P.2d 101, 105 (Haw.App.1982).
 
 
 29
 In Abraham, the manager of a parking garage took a vehicle for an unauthorized joy ride. Unknown to the employer, the employee had a record of criminal convictions for joy riding, assault and battery, and hit-and-run of a parked vehicle. 446 P.2d at 823-24. In affirming summary judgment, the Supreme Court of Hawaii stated that the plaintiff must show that the employer knew or should have known of the necessity to control his employee. Id. at 826. Since there was no evidence that the employer in Abraham was "cognizant of any events which would put it on notice that its supervisor needed supervising ... [i]t was not unreasonable conduct for Onorato to permit its manager to do his job without strict supervision for a two-month period when nothing had occurred to put it on notice that all was not well." Id.
 
 
 30
 In Costa, the employee consumed alcohol with friends on the premises of his employer after his shift was completed. 653 P.2d at 103. Thereafter, the employee was involved in an automobile accident with the appellant. Id. The appellate court affirmed the grant of summary judgment on the negligent failure to supervise claim. Id. at 105. In so holding, the court stated that the "[employer's] duty in this case would arise only if [the employer] knew or should have known that [the employee] had a propensity for causing automobile collisions while driving under the influence of alcohol, and thus, should have prevented [the employee] from consuming beer on its premises." Id. The court also noted that the record did not indicate that the employer had any knowledge that its employee had any previous alcohol-related accidents. Id.
 
 
 31
 In this matter, Akau has not demonstrated that the United States negligently supervised Diffie by failing to provide a written employment manual or by allowing Diffie to assume her post in a drunken state.
 
 
 32
 A. Written Employment Manual.
 
 
 33
 Akau alleges that the United States negligently failed to supervise Diffie because it did not provide a written employment manual. Akau asserts that the fact that the watchstanders gave conflicting statements concerning whether they had the authority to leave their posts to go to the convenience store demonstrates that the United States' verbal instructions were inadequate. The Government contends that Akau has failed to demonstrate that the absence of a written manual was a causal factor in the accident.
 
 
 34
 In Knodle v. Waikiki Gateway Hotel, Inc., 742 P.2d 377 (Haw.1987), the Hawaii Supreme Court held that negligent conduct is the legal cause of harm to another when it is a "substantial factor in bringing about the harm." Id. at 386. Akau has not demonstrated that the absence of a written manual concerning the authority to drive to the convenience store constituted a "substantial factor" in causing Diffie to drive while intoxicated.
 
 
 35
 B. Allowing Diffie to Assume Her Watch Intoxicated.
 
 
 36
 Akau next argues that Timothy Kirk negligently failed to supervise Diffie by allowing her to assume her post while she was intoxicated. Akau asserts that Kirk was negligent in failing to observe that Diffie's handwriting was illegible when she reported for duty and for assuming that Diffie was carrying a can of soda with her, rather than a can of beer. The United States contends that its duty to supervise Diffie was not breached because Kirk was not aware that Diffie was intoxicated.
 
 
 37
 In order to prevail on the theory of negligent supervision, Akau must "show that [Kirk] knew or should have known of the necessity and opportunity for exercising such control [over Diffie]." Abraham, 446 P.2d at 826; Costa, 653 P.2d at 105. There is no evidence in the record that Kirk knew or should have known that Diffie had a tendency to assume her watch in an intoxicated state. To the contrary, the record shows that Diffie was considered to be a model employee and a very reliable person.
 
 
 38
 Further, Kirk had no reason to know that Diffie was unfit to take over her watch the night of the accident. He did not see her stumble, notice that she slurred her speech, or smell alcohol on her breath.
 
 
 39
 III. DEPRIVING DECEDENT OF A CHANCE OF SURVIVAL.
 
 
 40
 Akau also asserts that the United States should be held liable for negligently depriving the decedent of a chance for survival. Akau claims that her husband was deprived of his chance of survival when the United States negligently supervised Diffie by allowing her to assume her watch while intoxicated.
 
 
 41
 Akau's reliance on Gardner v. National Bulk Carriers, Inc., 310 F.2d 284 (4th Cir.1962), cert. denied, 372 U.S. 913 (1963), is misplaced. In Gardner, the master of a vessel made no attempt to rescue a seaman who was swept overboard. The Court held the vessel owner liable for the master's failure to make any effort to rescue the seaman. Id. at 287. The Court explained its holding as follows: "[C]ausation is proved if the master's omission destroys the reasonable possibility of rescue.... Once the evidence sustains the reasonable possibility of rescue, ample or narrow, according to the circumstances, total disregard of the duty, refusal to make even a try, as was the case here, imposes liability." Id.
 
 
 42
 In the instant matter, Akau has not demonstrated that Kirk allowed Diffie to assume her post on the night of the accident with the knowledge that she was intoxicated. Thus, the record does not support Akau's contention that the United States deprived the decedent of a chance for survival by neglecting its duty to supervise Diffie.
 
 AFFIRMED
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3