Shanks v. Robertson.

No. 20,896.

THOMAS SHANKS AND RICHARD SHANKS, *Appellees*, V. JAMES D. ROBERTSON AND CHARLES ROBERTSON, *Appellants*.

SYLLABUS BY THE COURT.

1. HIGHWAY—*Obstruction—Injunction—Title—Parol Evidence.* When the title to real estate is only collaterally involved, the title deeds need not necessarily be produced. Parol evidence of ownership may be received.

2. SAME. The evidence has been examined, and it is held that the demurrer thereto was properly overruled; and that the evidence was sufficient to sustain the judgment of the court.

Appeal from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed October 6, 1917. Affirmed.

*Frank A. Lutz, Amzie E. Jordan,* both of Beloit, and *Park B. Pulsifer,* of Concordia, for the appellants.

*C. L. Kagey,* and *R. M. Anderson,* both of Beloit, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this action the plaintiffs seek by injunction to compel the defendants to remove an obstruction placed by them across a road alleged by the plaintiffs to be a public highway. Judgment was rendered in favor of the plaintiffs and the defendants appeal.

The road in question runs north from the south line of section 3 in Logan township, Mitchell county, Kansas, along the half-section line to a point thirty feet north of the center of the section. From the early settlement of the country, in 1866, until the improvement of the land in the vicinity of the road, public travel crossed section 3 at several places, going to and from fords across the Solomon river. With the improvement of section 3 the land was plowed, fences were built, and travel was confined to the half-section line, running from the south line of the section to and beyond the center of the section. In 1892 an attempt was made to lay out a public highway along this line. A short time later, in 1892, proceedings for laying out a private road along this half-section line were had before the county commissioners. These proceedings resulted in the county commissioners ordering that a road be there established. This road was traveled by the public from the time the fences were built until in 1915, when the defendants erected a barrier across the road near the south line of section 3 and ordered the plaintiffs not to use the road. This action was then commenced.

The defendants argue that the court erred in the admission of evidence. The plaintiffs alleged ownership and possession of certain land reached by the road in question. They were permitted to testify that they owned the land. No records or title documents were introduced in evidence. The defendants urge that it was error to permit the plaintiffs to testify that they owned the land. The title to the land was only incidentally in issue. "When the title to real estate is only collaterally involved, the title deeds need not necessarily be produced, but parol evidence may be received." (2 Ency. of Ev., 286; *Railroad Co. v. Noland,* 75 Kan. 691, 90 Pac. 273.) It was necessary for the plaintiffs to show that they had an interest in the road, different from that of the public generally, in order to entitle them to maintain the action. It was not error to permit the plaintiffs to testify that they owned certain lands affected by the road.

The principal contention of the defendants is that there was not sufficient evidence to sustain the judgment. This question was raised by a demurrer to the evidence and by a motion for a new trial, which motion alleged that the judgment of the

court was contrary to law and to the evidence. The court made the following finding of fact:

"That at the time of the commencement of this action a public highway existed by prescription and adverse use by the public for more than fifteen years prior to the commencement of this action, along and upon that portion of the north and south center line of section 3, in Logan township, in Mitchell county, Kansas, extending from the south side of section 3, northward to a point 30 feet north of the center of said section 3, and of a width of 20 feet, and being and extending ten feet on each side of said portion of said center line, and that the defendants were at the commencement of this action maintaining an obstruction across the south end of said highway."

Without undertaking to recite the evidence in detail, it is sufficient to say that there was evidence tending to prove that the road from the south line of section 3 along the half-section line to a point thirty feet north of the center of the section had been used by the public in general, continuously and uninterruptedly, with the knowledge of the landowners, for a period of more than twenty years prior to the placing of the obstruction thereon by the defendants. There was also evidence tending to show that the use of the road by the public was adverse to the rights of the landowners, and under a claim of right by the public to use the road as a public highway, and that this use was not merely permissive on the part of the landowners, but was with their consent that the road be used as a public highway. In 37 Cyc. 21, this language is found:

"To establish a highway by prescription the land in question must have been used by the public with the actual or implied knowledge of the landowner, adversely under claim or color of right, and not merely by the owner's permission, and continuously and uninterruptedly, for the period required to bar an action for the recovery of possession of land or otherwise prescribed by statute. When these conditions are present a highway exists by prescription; otherwise not."

The demurrer to the evidence was properly overruled. There was evidence sufficient to sustain the judgment of the court. The judgment was not contrary to law.

The judgment is affirmed.