EDWARD WOODWARD *v.* SAM H. AUYONG, AD-MINISTRATOR OF THE ESTATE OF FLORA E. WRIGHT, ALSO KNOWN AS FLORA E. WOOD-WARD, AND CHINESE-AMERICAN BANK, LIM-ITED.

No. 2248.

ARGUED APRIL 20, 1936.                    DECIDED MAY 27, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from an order of the circuit judge of the first judicial circuit, sitting in equity, dismissing *sua sponte* a bill for an accounting.

The sole ground upon which the court acted was that the respondent had not come into equity with clean hands. It appears from the bill that the petitioner and the respondent had lived together in illegal cohabitation since 1913 and that this cohabitation continued up to a short time preceding the filing of the bill. (The bill was filed on July 29, 1933.)

It also appears from the bill that in February, 1933, while the petitioner and the respondent were still unlaw-

fully living together as husband and wife the petitioner suggested to the respondent that for their mutual convenience they should open a joint bank account in the then existing Chinese-American Bank, in which account they would deposit their respective earnings, and such other moneys as they might have, for safekeeping, and that agreeably to his suggestion the parties did open a joint account in said bank, in which account the petitioner caused funds to be deposited; that on or about July 25, 1933, there was on deposit in this joint account a credit balance of approximately $1700, which the respondent withdrew and redeposited in the same bank in her name only; that the sum withdrawn consisted of the petitioner's salary as clerk of the house of representatives and $570 entrusted to him by the house to be expended in the preparation of a House Journal. It does not appear from the bill, either by inference or allegation, that the respondent deposited in the bank any of her own money to this account.

The petitioner alleges that the respondent is indebted to him in large sums over and above the $1700 withdrawn by her from their joint account and redeposited in her own name, but it does not appear under what circumstances this alleged indebtedness was incurred nor what the consideration for it was.

It is also not discernible from the bill, and hence cannot be assumed, that the immoral cohabitation of the parties was the basis of or consideration for or had any direct connection with the financial transactions of the parties. We think therefore it was error to dismiss the bill on the ground stated.

The law relating to the maxim that "he who comes into equity must come with clean hands," is thus stated in 1 Pom. Eq. Jur. (4 ed.), § 399, p. 741: "Broad as the principle is in its operation, it must still be taken with reason-

able limitations; it does not apply to every unconscientious act or inequitable conduct on the part of a plaintiff. The maxim, considered as a general rule controlling the administration of equitable relief in particular controversies, is confined to misconduct in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties, and arising out of the transaction; it does not extend to any misconduct, however gross, which is unconnected with the matter in litigation, and with which the opposite party has no concern. When a court of equity is appealed to for relief it will not go outside of the subject matter of the controversy, and make its interference to depend upon the character and conduct of the moving party in no way affecting the equitable right which he asserts against the defendant, or the relief which he demands." See *Kuwahara* v. *Kuwahara*, 23 Haw. 273, where, although under facts differing from those in the instant case, the same principle was recognized. See also *Armstrong* v. *American Exchange Bank*, 133 U. S. 433, 469, and *Harlan* v. *Willard*, 198 Pac. (Cal.) 424. Whether the bill should have been dismissed on other grounds, such for instance as want of equity, we need not now decide.

The order appealed from is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*E. J. Botts* (also on the briefs) for petitioner.

*J. V. Esposito* (also on the brief) for respondent-appellant.