NEWARK EVENING NEWS PUB. CO. v.
KING FEATURES SYNDICATE,
Inc., et al.

Civil Action No. 10627.

District Court, D. New Jersey.

Jan. 27, 1948.

Alexander T. Schenck, of Newark, N. J., for plaintiff.

McCauley & Henry, of New York City, for defendants.

SMITH, District Judge.

This is a civil action under Section 16 of the Clayton Act, 15 U.S.C.A. § 26. The plaintiff's claim to injunctive relief is predicated upon the charge that the defendants, in violation of Section 3 of the said Act, 15 U.S.C.A. § 14, and Section 1 of the Sherman Act, 15 U.S.C.A. § 1, and pursuant to and in furtherance of an unlawful conspiracy, "combined with other persons, known and unknown to the plaintiff, to restrain trade and commerce among several states" to the irreparable injury of the plaintiff, "its readers, its advertisers and the public." This charge is denied by the defendants, who assert a lawful right to pursue the business policy of which the plaintiff complains. An extensive recital of the allegations of the respective pleadings is unnecessary to the determination of the questions here presented.

The action is before the Court at this time on a motion for summary judgment filed by the plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and is submitted on the pleadings, affidavits and accompanying exhibits, and admissions. This record, although voluminous, will not support a determination that "there is no genuine issue as to any material fact," a prerequisite to the entry of summary judgment under the said rule.

#### Facts.

I. The Newark Evening News Publishing Company, hereinafter identified as the

News, is the owner and publisher of a daily newspaper, which is sold and distributed in both intrastate and interstate commerce, to wit, in the states of New Jersey, New York, Pennsylvania, and other states. There is no evidence, however, as to the magnitude of the newspaper's sales in interstate commerce.

II. Prior to 1943,[1] when it was merged with the Hearst Corporation (the present defendant), King Features Syndicate, Inc., hereinafter identified as the Syndicate, was the owner and exclusive distributor of certain comic strips which were copyrighted under the laws of the United States, 17 U.S.C.A. § 1 et seq. These comic strips were sold and distributed in interstate commerce.

III. The News and the Syndicate entered into an agreement, dated September 18, 1937, under which the former acquired the right to use and publish two comic strips, to wit, "Bringing Up Father" and "Blondie," daily for a period of one year. A similar agreement covering other comic strips was made between the same parties on November 12, 1941. These contracts were self-renewable but subject to termination by either party upon notice to the other. The comic strips have been exploited and published continuously in the daily newspaper of the News since the agreements were made.

IV. The Syndicate was merged with the Hearst Corporation in December of 1943, and the latter acquired all the right, title and interest of the former in and to the copyrighted comic strips. The Hearst Corporation organized a new corporation "King Features Syndicate, Inc.," hereinafter identified as King. Contemporaneously King and the Hearst Corporation entered into an agreement under which the latter assigned its right, title and interest in and to the copyrighted comic strips to the former, and the former granted to the latter the exclusive right and license to sell and distribute the copyrighted comic strips throughout the world, reserving to itself its property in the copyrighted comic strips and the right to use and publish them in comic books.

V. Thereafter the Hearst Corporation assumed the agreements between the News and the Syndicate and fulfilled the obligations thereunder continuously until June 19, 1947, when it gave notice to the News of its intention to terminate the earlier agreement as of October 4, 1947, and the later agreement as of January 1, 1948. The termination of these agreements was prompted by the proposed plan of the Hearst Corporation to grant to the Hearst Consolidated Publications, Inc., a subsidiary of the Hearst Corporation, publisher of the New York Journal-American, the exclusive right to use and publish the copyrighted comic strips in the metropolitan area.

### Discussion.

The only facts clearly beyond dispute are those herein summarized. These facts, together with all the inferences of which they are reasonably susceptible, are not sufficient to support a summary judgment. The defendants deny: first, that the combination violates the Clayton and Sherman Acts; second, that the combination will effect an unreasonable restraint on interstate commerce; and third, that the plaintiff will suffer irreparable injury. It is our opinion that a judgment on the issues raised by these denials can be had only upon a trial of the action on the merits. The present record, although not completely devoid of any evidence on these issues, leaves much to be desired.

Rule 56 of the Rules of Civil Procedure, supra, does not vest in the court the jurisdiction to summarily try the factual issues on the pleadings and affidavits of the parties, but vests in the court the limited authority to enter summary judgment only if it clearly appears from the record that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The complete absence of any genuine issue of fact must be apparent and all doubts thereon must be resolved against

---

[1] King Features Syndicate, Inc., was successively the wholly owned subsidiary of Newspaper Feature Service, Inc., the Star Holding Corporation, and the Hearst Corporation. It should be noted, however, that the last corporation is not the defendant in the present action.

the moving party. Fishman v. Teter, 7 Cir., 133 F.2d 222; Toebelman v. Missouri–Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; McElwain v. Wickwire Spencer Steel Co., 2 Cir., 126 F.2d 210; Miller v. Miller, App.D.C., 122 F.2d 209; Whitaker v. Coleman, 5 Cir., 115 F.2d 305. See also Sarnoff v. Ciaglia, 165 F.2d 167, recently decided by the United States Circuit Court of Appeals for the Third Circuit. If it appears from the record that there is a genuine issue of fact, even though it may relate only to the credibility and the weight of the testimony, the court is without jurisdiction to enter summary judgment. Sartor v. Arkansas Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Arnstein v. Porter, 2 Cir., 154 F.2d 464.

#### Conclusion.

 The motion for summary judgment will be denied. It is suggested, however, that the facts herein summarized may be embodied in a pretrial order as though a pretrial conference had been had under Rule 16 of the Rules of Civil Procedure.