HOWARD PUNG DANG and KAY W. DANG, Plaintiffs-Appellees, *v.* MT. VIEW ESTATES, a Hawaii Registered Limited Partnership, SUMMIT REALTY, INC., a Hawaii corporation, and RAYMOND Y. B. YUEN, Defendants-Appellants

NO. 6456

JANUARY 13, 1981

PADGETT, ACTING C.J., BURNS, J., CIRCUIT JUDGE GREIG IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

*Per Curiam.* The three defendants appeal the order granting partial summary judgment entered below.

The Dangs, as sellers, and Mt. View, as buyer, via Yuen, its general partner,[1] entered into an agreement of sale dated July 23, 1974 involving 250 acres of undeveloped land in Hawaii County.

The $800,000.00 purchase price was to be paid as follows:

1. Eighty thousand dollars ($80,000.00) upon execution of the agreement of sale.

---

[1] There is evidence on the record that Defendant Summit Realty, Inc. is the general partner, that Defendant Yuen is Summit Realty's president, and that he and his wife own all its stock. However, the agreement of sale is signed by Yuen as general partner.

2. The balance of $720,000.00 on or before July 15, 1984 at 6 percent interest per annum, such interest to be paid as follows:

a) Nineteen thousand eight hundred dollars ($19,800.00) upon execution of the agreement as pre-paid interest from July 15, 1974 to December 31, 1974; and

b) Ten thousand eight hundred dollars ($10,800.00) on the first day of January, April, July and October commencing April 1, 1975 and continuing until payment in full.

Mt. View paid the $99,800.00 due upon the execution of the agreement. The only payment it made thereafter was $5,000.00 on October 29, 1975.

The agreement required Mt. View to pay all property taxes due, but Mt. View failed to pay them.

On June 2, 1976, the Dangs filed a complaint against Mt. View, Summit Realty, and Yuen asking for cancellation of the agreement, for judgment in the amount of the unpaid interest, and for attorney's fees and costs.

Thereafter, the Dangs moved for summary judgment.

The lower court granted partial summary judgment by cancelling the agreement of sale and reserving for trial all other issues raised in the pleadings.

I.

Finding no merit in appellants' points which question the way the Dangs stated their claim for relief in the complaint, we summarily reject them. The Dangs satisfied the requirements of Hawaii Rules of Civil Procedure (HRCP), rule 8.

II.

Appellants claim that the summary judgment should not have been granted because the question of whether Mr. Dang interfered with Yuen's ability to raise additional funds from

Mt. View's limited partners from which to make required payments is a genuine issue of material fact.

The relevant facts on record are as follows:

The limited partners were seven couples and one individual who contributed a total of $100,000.00 cash and no other property. The limited partners were under no obligation to make additional contributions.

Mr. Yuen admitted that the limited partnership planned to subdivide and sell the land and to apply the proceeds from the sales to pay the payments due, but the plan failed because the real estate market took a turn for the worse.

Mr. Dang states that he did not contact any of Mt. View's limited partners until February 1976. By then, he had failed to receive the payments due April 1, 1975, July 1, 1975, October 1, 1975 and January 1, 1976. He admits contacting four limited partners by telephone to talk about the delinquencies, but he denies making any derogatory or uncomplimentary statements about Yuen.

Mr. Yuen admits that Dang's contracts were made somewhere between December 1975 and February 1976. He does not know what Mr. Dang said but he knows that Dang "shook up" the limited partners to the point that they "hesitated" contributing any more to the partnership.

Mr. Medeiros, one of the limited partners, states that he was contacted once or twice by phone by Mr. Dang about the arrearage; that Mr. Dang "questioned Mr. Ray Yuen's honesty and straightforwardness in his dealings with the limited partners"; that later when Yuen requested that the limited partners advance more capital, he decided not to advance any further monies "due in part to Mr. Dang's representations about the lack of honesty on Mr. Yuen's part". Mr. Medeiros does not say when the contract(s) were made, nor does he say that Mr. Dang said anything that was not true.

The principle of law upon which appellants rely is stated in 17 AM JUR 2d *Contracts* § 426.

It is an implied condition of every contract that one

> party will not prevent performance by the other party, and it follows that a contracting party who prevents the other party from performing under the contract cannot urge or avail himself of the nonperformance which he himself has brought about.

(Footnotes omitted.) *See Benezet v. Nowell & Bishop Bank*, 42 Haw. 481 (1958).

In this situation, the "other party" is Mt. View Estates, a limited partnership. The question is whether Mr. Dang's telephone conversations with four limited partners "prevented" performance by the limited partnership.

In answering this question we view all inferences in the light most favorable to the appellants. *Island Gentry Joint Venture v. Hawaii*, 57 Haw. 259, 554 P.2d 761 (1976). However, since Dang's motion was supported by an affidavit in which he categorically denied appellants' allegations about what he said to the limited partners, HRCP, rule 56(e), required appellants to respond with "specific facts showing that there is a genuine issue for trial". They have failed in this respect.

Yuen does not know what was said; he only knows of the reaction of the four limited partners who were contacted by Dang. Medeiros says only that Mr. Dang "questioned Mr. Ray Yuen's honesty and straightforwardness" and that he (Medeiros) decided not to advance any further monies to the limited partnership "due in part to Mr. Dang's representations".

Even viewing the record in the light most favorable to appellants, we find no specific facts to support appellants' contention that Mt. View was prevented from performing by Mr. Dang's telephone conversations with its limited partners.

### III.

Appellants contend that an agreement of sale should be treated as a security lien subject to foreclosure sale remedies rather than straight forfeiture.

Although there are some similarities between agreements of sale and mortgages, purchasers under agreements of sale

are not entitled to be treated as if they were mortgagors. *Jenkins v. Wise*, 58 Haw. 592, 574 P.2d 1337 (1978).

Appellants could have stopped the cancellation of the agreement of sale if they were able to cause the Dangs to receive the full benefit of their bargain. *Id*. They were unable to do so.

Even though appellants were unable to stop the cancellation of the agreement of sale, they are entitled to a determination whether the Dangs may retain all payments received as liquidated damages. This issue was not decided by the partial summary judgment; it was reserved for trial. It should be decided in light of our opinion in *Gomez v. Pagaduan*, 1 Haw. App. 70, 613 P.2d 658 (1980).

We affirm the partial summary judgment and remand this case for further proceedings consistent with this opinion.

*George K. Noguchi (Okano, Noguchi & Wong)* for defendants-appellants.

*Dale W. Lee (Ukishima & Matsubara)* for plaintiffs-appellees.