ALAN J. COSTA, Plaintiff-Appellant, *v.* ABLE DISTRIBUTORS, INC., Defendant-Appellee

NO. 8195

(CIVIL NO. 58479)

NOVEMBER 4, 1982

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY HEEN, J.

Plaintiff/appellant Costa (Costa) appeals from a summary judgment in favor of defendant/appellee Able Distributors, Inc. (Able).

Costa's appeal is based on the following grounds: 1) the trial court erred in granting summary judgment because a genuine issue of material fact existed; and 2) the trial court erred as a matter of law in granting summary judgment. We find no error and affirm.

On December 11, 1978, Richard Arata (Arata) was driving his car and collided with one in which Costa was a passenger at Nimitz Highway and Lagoon Drive. There is evidence indicating he was driving under the influence of intoxicating liquor. Costa was injured and filed this action against Arata's employer on July 10, 1980.[1]

On October 9, 1980, Able filed a motion for summary judgment, supported by Arata's deposition and affidavit in which his testimony was as follows:

Able is a Hawaii corporation whose shareholders are Richard Arata, James Koike, and Leonardo Ganal. Koike and Ganal are officers of Able but do not participate in the management of the business. Arata serves as the president and manager of Able as well as one of its two employees.

On December 11, 1978, Arata finished work at about 4:30 and was reviewing some messages in Able's office when some friends arrived. Five of those friends were employed by Overseas Freight Forwarders (Overseas), a company that Arata had previously worked for, while a sixth was employed by Honolulu Freight Service (Freight). Arata's friends had brought over some beer and, as the evening wore on, Arata purchased more with his personal funds. These gatherings were regular occurrences for Arata and his friends, and their discussions often revolved around their experi-

---

[1] Arata had already settled with Costa on his claim.

ences and problems at Overseas. Although Overseas and Freight did some business with Able, Arata testified that they never discussed any of Able's business. After a few hours of drinking beer, the others left and Arata turned off the lights and locked the premises. He went to his car and proceeded to drive home. At the intersection of Lagoon Drive and Nimitz Highway, the collision occurred.

Costa did not file any counter-affidavits or documents but did file a memorandum in opposition to the motion for summary judgment. After hearing, the motion was granted and judgment was entered on November 19, 1980. Costa filed a motion for reconsideration on November 25, 1980, which was denied by an order filed January 12, 1981. This appeal followed.

1.

Costa argues that a genuine issue of material fact exists. He contends that he is entitled to have a trial jury pass on Arata's credibility and therefore there still remains the issue whether Arata was acting within the scope of his employment, notwithstanding his denial of such. Therefore, the court erred in granting summary judgment. We disagree.

On appeal from an order granting summary judgment, we will review the entire record to see whether any issues of material fact are present. *Ottensmeyer v. Baskin,* 2 Haw. App. 86, 625 P.2d 1069 (1981). The facts properly shown and any inferences to be drawn therefrom will be considered in the light most favorable to the non-moving party. *Gealon v. Keala,* 60 Haw. 513, 591 P.2d 621 (1979). We have carefully reviewed the record in this case and find that no genuine issues of material fact exist.

Under Rule 56(e), Hawaii Rules of Civil Procedure (HRCP), the non-moving party in a motion for summary judgment supported by affidavit must respond, by affidavit or otherwise, setting forth specific facts showing that there are genuine issues for trial. The non-moving party may not merely rely on the allegations of his pleadings. *Dang v. Mt. View Estates,* 1 Haw. App. 539, 621 P.2d 988 (1981).

In *Ottensmeyer v. Baskin, supra,* however, it was held that, where an affidavit and memorandum in support of a motion for reconsidera-

tion of an order granting summary judgment made specific reference to discrepancies between the movant's affidavit and deposition, this was sufficient to show a genuine issue of material fact. Here, Costa has not presented any such discrepancies between Arata's affidavit and his deposition. He has merely asserted that a jury might choose to disbelieve Arata's testimony. This is not sufficient to raise a genuine issue of material fact.

We are cognizant of the line of cases holding that if there is an issue with respect to credibility of the movant's witnesses, summary judgment is improper. *Colby v. Klune,* 178 F.2d 872 (C.A.N.Y. 1950); *Zig Zag Spring Co. v. Comfort Spring Corp.,* 89 F. Supp. 410 (D.N.J. 1950); *Newark Evening News Pub. Co. v. King Features Syndicate,* 7 F.R.D. 645 (D.N.J. 1948). But we are inclined to follow those cases which hold that a party opposing the motion for summary judgment must be able to point to some facts which refute the proof of the movant in some material portion and "not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Rinieri v. Scanlon,* 254 F. Supp. 469 at 474 (S.D.N.Y. 1966). *See also Curl v. International Business Machines,* 517 F.2d 212 (5th Cir. 1975), *cert. denied,* 425 U.S. 943 (1976). The non-moving party must come forward with some evidentiary matters to support its position. *THI-Hawaii v. First Commercial Financial Corp.,* 627 F.2d 991 (9th Cir. 1980); *Tilden Finance Corp. v. Palo Tire Service, Inc.,* 596 F.2d 604 (3rd Cir. 1979); *Lundeen v. Cordner,* 356 F.2d 169 (8th Cir. 1966); *Radio City Music Hall Corp. v. United States,* 135 F.2d 715 (2nd Cir. 1943); *Biggs Feed and Grain, Inc. v. City of Waverly,* 3 Kan. App.2d 423, 596 P.2d 171 (1979). By failing to present any specific evidence of discrepancies or contradiction among Arata's statements, Costa has failed to raise any genuine issue of material fact.

2.

Where there are no genuine issues of material fact, defendant on proper motion is entitled to judgment as a matter of law if it is clear that there is no discernible theory under which plaintiff could recover. *Abraham v. Onorato Garages,* 50 Haw. 628, 446 P.2d 821 (1968). Costa has based his action on three theories of recovery: respondeat

superior; ratification; and negligent failure to control.[2] We address each seriatim.

A plaintiff may recover under the theory of respondeat superior if he proves that the act complained of was within the employee's scope of employment. *Abraham v. Onorato Garages, supra* at 632, 446 P.2d at 825. To bring an act within the scope of employment, there usually must be some direct benefit to the employer, *Beard v. Brown,* 616 P.2d 726 (Wyo. 1980), and there must be evidence that the employee intended to act in the employer's interest. *Matsumura v. County of Hawaii,* 19 Haw. 496 (1909). Although there has been a trend towards a more liberal view of the kind of acts which constitute "scope of employment" and a resulting enlargement of employer liability, *Nordmark v. Hagadone,* 1 Haw. App. 487, 620 P.2d 763 (1980), whether an employee is acting within the scope of his employment is still a question of fact which must be determined in light of the evidence in each case. *Id.* In this case, the evidence shows that Arata was not acting within the scope of his employment. His actions were purely for his own benefit and not the company's. Plaintiff cannot recover under the theory of respondeat superior.

Likewise, Costa cannot recover under his ratification theory. The employer's liability under the ratification theory requires that the act complained of be done on behalf of or under the authority of the employer, and there must be clear evidence of the employer's approval of the wrongful conduct. There is nothing in the record to meet those requirements. Mere continuance of employment after the accident is insufficient to show the approval necessary to trigger liability. *Abraham v. Onorato Garages, supra* at 635, 446 P.2d at 827.

The last theory of recovery proposed by Costa involves the negligent failure of Able to control Arata's after hours activities on its premises. Under this theory, an employer's duty to control the conduct of his employee may arise when the acts complained of are so connected in time and place with the employment as to give the employer a special opportunity to control the employee. *Abraham v. Onorato Garages, supra* at 634, 446 P.2d 826. This theory of recovery

---

[2] Costa's complaint sets forth a general allegation of negligence and gross negligence as the basis for recovery against Able but does not specifically elucidate the above theories.

would be applicable, under certain circumstances, even if the employee were acting outside of the scope of his employment. Restatement (Second) of Torts § 317 comment b (1965). In order for the plaintiff to recover, he must show that the employer knew or should have known of the necessity and opportunity for exercising such control over the employee. *Abraham v. Onorato Garages, supra* at 634, 446 P.2d 826. Able's duty in this case would arise only if Able knew or should have known that Arata had a propensity for causing automobile collisions while driving under the influence of alcohol, and thus, should have prevented Arata from consuming beer on its premises. The record does not indicate any such knowledge or that Arata had had any previous collision or drunk driving arrests.

Costa cites *Fletcher v. Baltimore and P. R. Co.,* 168 U.S. 135 (1897), for the proposition that recovery may be possible where the employer knows of his employees' propensity for misconduct. However, as noted, *Fletcher* is factually distinguishable from the case at bar, as are the illustrations posed in the commentary to the Restatement of Torts § 317 (1934) (amended 1965), also cited by him.

Affirmed.

*Edgar R. Worth (Worth* and *Chun* of counsel) for plaintiff-appellant.

*James J. Stone (Wallace S. Fujiyama* and *Rodney M. Fujiyama* with him on the brief; *Fujiyama, Duffy* and *Fujiyama* of counsel) for defendant-appellee.