Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000694
22-DEC-2022
07:52 AM
Dkt. 79 MO

NOS. CAAP-18-000694 & CAAP-20-0000592

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NO. CAAP-18-0000694
E*TRADE BANK, Plaintiff-Appellee, v.
KAHALA-ANN TRASK GIBSON; WILLIAM GIBSON,
Defendants-Appellants, and
JOHN and MARY DOES 1-10, Defendants
(CIVIL NO. 16-1-0422K)

AND

NO. CAAP-20-0000592
E*TRADE BANK, Plaintiff-Appellee, v.
KAHALA ANN TRASK-GIBSON; WILLIAM E. GIBSON,
Defendants-Appellants, and
KULA KAI ESTATES COMMUNITY ASSOCIATION;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC,;
STATE OF HAWAII - DEPARTMENT OF TAXATION,
Defendants-Appellees, and
JOHN and MARY DOES 1-20, DOE PARTNERSHIPS,
CORPORATIONS OR OTHER ENTITIES 1-20, Defendants
(CIVIL NO. 19-1-00079K)

APPEALS FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

MEMORANDUM OPINION
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

These consolidated appeals arise from a foreclosure dispute between Defendants-Appellants Kahala-Ann Trask Gibson and William Gibson (**the Gibsons**) and Plaintiff-Appellee E*Trade Bank (**Bank**).

In case no. CAAP-18-0000694, the Gibsons appeal from the "Judgment" (**Declaratory Judgment**) and the "Findings of Fact;

Conclusions of Law; Order Granting [Bank's] Motion for Summary Judgment Filed June 4, 2018" (**Declaratory FOFs/COLs/Order**), both entered on August 7, 2018, in Civil No. 16-1-0422K by the Circuit Court of the Third Circuit (**Circuit Court**).[1]  On appeal, the Gibsons contend that the Circuit Court erred in granting Bank's motion for summary judgment where Bank lacked standing to seek reinstatement of the subject mortgage.

In case no. CAAP-20-0000592, the Gibsons appeal from the "Judgment" (**Foreclosure Judgment**) and the "Findings of Fact; Conclusions of Law; Order Granting [Bank's] Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties Filed January 16, 2020" (**Foreclosure FOFs/COLs/Order**), both entered on September 1, 2020, in Civil No. 19-1-079K by the Circuit Court.[2]  On appeal, the Gibsons contend that the Circuit Court erred in granting Bank's motion for summary judgment where there were genuine issues of material fact as to:  (1) whether Bank complied with the notice requirements of the mortgage; (2) whether the Gibsons' affirmative defense of unclean hands prevented the equitable relief of foreclosure; and (3) "overall credibility," based on the declaration of a Bank witness.

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Gibsons' contentions as follows.

## I.   CAAP-18-0000694

On December 30, 2016, Bank filed a Complaint for Ejectment (**Complaint**), initiating Civil No. 16-1-422K (**Declaratory Relief Action**).  The Complaint alleged, among other things, that:  (1) on August 25, 2003, Kahala-Ann Trask Gibson executed a fixed/adjustable rate note (**Note**); (2) the Note was secured by a Mortgage (**Mortgage**), executed by the Gibsons on August 25, 2003 and recorded in the Bureau of Conveyances of the State of Hawaiʻi (**Bureau**) on September 3, 2003, with respect to

---

[1]     The Honorable Melvin H. Fujino presided.

[2]     The Honorable Wendy DeWeese presided.

2

real property located at 75-5591A Hienaloli Road, Kailua-Kona, Hawaiʻi 96740 (TMK: (3) 7-5-012-050-0000) (**Property**); (3) the Mortgage was assigned to BAC Home Loans Servicing, LP (**BAC**) via a February 26, 2010 assignment, which was recorded in the Bureau on March 17, 2010; (4) on June 8, 2010, BAC conducted a nonjudicial foreclosure on the Property, as set forth in a Mortgagee's Affidavit of Foreclosure Sale Under Power of Sale (**Affidavit of Sale**), recorded in the Bureau on June 24, 2010; (5) the Property was sold to BAC or its nominee, which was the high bidder at the foreclosure auction; (6) a Mortgagee's Quitclaim Deed Pursuant to Power of Sale transferring title to the Property from BAC to itself was recorded in the Bureau on August 3, 2010; (7) BAC later changed its name to, and merged into, Bank of America, National Association (**BOA**); (8) a Quitclaim Deed transferring title to the property from BOA to Bank was recorded in the Bureau on June 5, 2015; and (9) the Gibsons continued to remain on the Property.  Count I sought a declaratory judgment that the nonjudicial foreclosure was valid.  Count II sought a writ of ejectment.  Count III sought recovery of damages for the Gibsons' continuing occupancy of the property.  The prayer for relief further requested:  "In the alternative, should this court find the non-judicial foreclosure invalid, that this court allow this mortgage to be re foreclosed judicially."

On March 16, 2017, the Gibsons filed an Answer to Complaint; Counterclaim for Quiet Title.  The answer asserted numerous affirmative defenses, including that Bank lacked standing.  The counterclaim alleged that the nonjudicial foreclosure "was invalid and wrongful under Hawaii case law[.]"  Count One sought a declaratory judgment that the nonjudicial foreclosure was invalid and subsequent transfers of title to the property were void.  Count Two sought a judgment quieting title to the property in favor of the Gibsons.

On July 12, 2017, Bank answered the counterclaim.

On June 4, 2018, Bank filed a motion for summary judgment on the Complaint.  Bank submitted, among its exhibits, a Corporation Assignment of Mortgage dated April 20, 2018 (**Assignment of Mortgage**), assigning the Mortgage to Bank, and an

undated allonge endorsing the Note to Bank. Bank argued that it had standing to enforce the nonjudicial foreclosure and the foreclosure was valid, while also appearing to acknowledge that the foreclosing mortgagee had failed to publish notice of postponement of the foreclosure auction, as required by Hungate v. Law Office of David B. Rosen, 139 Hawaiʻi 394, 403-04, 391 P.3d 1, 10-11 (2017). Bank argued in the alternative that should the Circuit Court find the nonjudicial foreclosure invalid, the court should enter an order "that the title of the Property be restored into the name of [the Gibsons] and the Mortgage be reinstated against the Property . . . ." (Emphasis omitted.)

On June 27, 2018, the Gibsons filed a memorandum in opposition to Bank's motion. The Gibsons argued, among other things, that the nonjudicial foreclosure was void because the foreclosing mortgagee failed to comply with the Hungate ruling. The Gibsons did not challenge Bank's standing.

On July 10, 2018, the parties filed a court-approved stipulation to dismiss the Gibsons' counterclaim without prejudice, pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(a)(1)(B).

Bank's motion was heard on July 5, 2018. During oral argument, Bank conceded that the nonjudicial foreclosure was invalid under Hungate. Bank asked the court to declare the nonjudicial foreclosure void so that title to the Property could be restored to the Gibsons and the Mortgage could be reinstated. Bank clarified: "We're not asking for an order to foreclose the property today. . . . That is another day." The Gibsons argued in part: "[Bank] didn't have standing when [it] filed [the] complaint . . . to be asking for interest to be restored to . . . the original . . . foreclosing party. So . . . they don't have standing to be asking for those [sic] declaratory relief."

Following arguments, the Circuit Court indicated its intent to grant Bank's summary judgment motion and on August 7, 2018, entered the Declaratory FOFs/COLs/Order. The Circuit Court concluded that BAC's nonjudicial foreclosure "is void with respect to the postponement of the original sale date not being published" under Kondaur Capital Corp. v. Matsuyoshi, 136 Hawaiʻi

227, 361 P.3d 454 (2015), and Hungate.  The Circuit Court granted the following relief:

> A.  The non-judicial foreclosure as evidenced by the [Affidavit of Sale] recorded in the Bureau . . . as Document No. 2010-08859 is void;
>
> B.  The title of the Property shall be restored in the names of [the Gibsons];
>
> C.  The Mortgage dated August 25, 2003 and recorded in the Bureau . . . as Document No. 2003-185236 shall be reinstated under the same terms, conditions, and priority as it was prior to the non-judicial foreclosure[.]

Also, on August 7, 2018, the Circuit Court entered the Judgment in favor of Bank as to the Complaint, containing the language required by HRCP Rule 54(b).  On September 6, 2018, the Gibsons filed their notice of appeal, initiating case no. CAAP-18-0000694.

The Gibsons' sole contention on appeal is that the Circuit Court erred in reinstating the Mortgage where Bank lacked standing to seek such relief.  The Gibsons cite Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), for the proposition that a plaintiff seeking summary judgment in a foreclosure action has the burden to establish standing to enforce the promissory note at the time the complaint was filed.

We addressed a similar argument in U.S. Bank, Nat'l Ass'n, as Tr. for Mastr Asset Backed Sec. Tr., 2006-FRE2 v. Omizo, No. CAAP-19-0000524, 2021 WL 5504993 (Haw. App. Nov. 24, 2021) (SDO), and concluded the argument lacked merit.  Id. at *2. There, as here, the claim at issue sought alternative relief in the event the Circuit Court found the nonjudicial foreclosure invalid.  Id.  There, as here, the Circuit Court granted a form of declaratory relief restoring title to the property to the mortgagors and reinstating the mortgage; the court did not grant a decree of foreclosure.  Id.  As we stated in Omizo, a party has standing to seek declaratory relief:

> (1) where antagonistic claims exist between the parties (a) that indicate imminent and inevitable litigation, or (b) where the party seeking declaratory relief has a concrete interest in a legal relation, status, right, or privilege that is challenged or denied by the other party, who has or asserts a concrete interest in the same legal relation, status, right, or privilege; and (2) a declaratory judgment

> will serve to terminate the uncertainty or controversy giving rise to the proceeding.

Id. (quoting Tax Found. of Hawaiʻi v. State, 144 Hawaiʻi 175, 202, 439 P.3d 127, 154 (2019)).

As in Omizo, the record here reflects that Bank had standing to request declaratory relief against the Gibsons regarding the legal consequences of the nonjudicial foreclosure. The Gibsons do not challenge the entry of summary judgment on any other ground. Accordingly, the Circuit Court did not err in granting summary judgment in favor of Bank.

For these reasons, the August 7, 2018 Judgment entered by the Circuit Court of the Third Circuit is affirmed.

## II.   CAAP-20-0000592

On March 20, 2019, Bank filed a Complaint to Foreclose Mortgage (**Foreclosure Complaint**), initiating Civil No. 19-1-079K. The Foreclosure Complaint alleged, among other things, that:  (1) the Note was secured by the Mortgage, which encumbered the Property located at "75-645 Kula Kai Place, Kailua-Kona, HI 96740 (TMK: (3) 7-5-012-050)"; (2) Bank "has in its care, custody and/or control the original Note and its Allonges"; (3) the Mortgage was eventually assigned to Bank via the Assignment of Mortgage, which was recorded in the Bureau on February 20, 2019; (4) on or about June 10, 2010, Kahala-Ann Trask Gibson conveyed the Property to herself and William E. Gibson, as tenants by the entirety, via quitclaim deed, which was recorded in the Bureau on August 3, 2010; (5) the Note was in default, with the payment due on March 1, 2009, and all subsequent payments not having been made; (6) notice of the default (**Notice of Default**) as required by the Note and the Mortgage was provided on December 28, 2018, and the default was not cured; and (7) Bank was entitled to foreclose the Mortgage and to sell the Property.  The Foreclosure Complaint also set forth the relief granted by the Circuit Court in the Declaratory Relief Action.  See supra.

On October 28, 2019, the Gibsons filed an answer to the Foreclosure Complaint (**Answer**).  The Answer alleged that Bank lacked standing, but did not otherwise assert any affirmative

defenses.  No counterclaim was filed.

On January 16, 2020, Bank filed a motion for summary judgment and an interlocutory decree of foreclosure.  The supporting declarations included a Declaration of Indebtedness signed by Keli Smith (**Smith Declaration**), a document coordinator at Bank's authorized servicing agent and custodian of records. The Smith Declaration referred to the Mortgage as encumbering the Property located at "75-645 Kula Kai Place, Kailua Kona, HI 96740 (TMK: (3) 7-5-012-050)[.]"

On March 10, 2020, the Gibsons filed a memorandum in opposition to Bank's summary judgment motion.  The Gibsons argued that Bank failed to comply with the notice requirements of the Mortgage, because the Notice of Default had been provided to the Gibsons through their counsel, while the Mortgage required that all notices be sent to the Property address.  The Gibsons further argued that they had an "unclean hands" defense, based on the prior "wrongful" nonjudicial foreclosure, which prevented the Circuit Court from granting Bank the equitable relief of foreclosure.

On March 10, 2020, Bank filed a reply memorandum asserting that the Notice of Default complied with the requirements of the Mortgage and that any challenge to the deficiency of such notice was waived.  Bank also argued that the doctrine of unclean hands did not bar relief where, among other things, Bank's foreclosure claim had no direct connection with its predecessor's nonjudicial foreclosure.

Bank's motion for summary judgment was heard on June 3, 2020.  At that time, the Circuit Court raised questions about the Property address, noting that the motion and Exhibit 2 identified the address as "75-645 Kula Kai Place, Kailua-Kona, Hawaii 96740" (**Kula Kai Address**), while the Note and the Mortgage (Exhibits 1 and 3) bore the address "75-5591A Hienaloli [] Road, Kailua-Kona, Hawaii" (**Hienaloli Address**).  The court continued the hearing and instructed the parties to submit supplemental briefing on the issue of the Property address.

On June 24, 2020, Bank filed its supplemental memorandum.  Bank conceded that both the Note and the Mortgage

7

referenced the Hienaloli Address, but argued "[n]otwithstanding these references, the record is clear that the debt signified by the Note was always meant to be secured through the Mortgage recorded on the real property at the [Kula Kai] address . . . as pled in the Complaint." In particular, Bank argued that the Mortgage, viewed in its entirety, plainly encumbered the Property at the Kula Kai Address, as reflected in the legal description of the Property attached as Exhibit "A," and the referenced tax map key (**TMK**) number, which corresponded to the Kula Kai Address. Bank also submitted a printout of county tax records for the parcel number identified in the Mortgage, which reflected the Kula Kai Address as the location of the Property and the Hienaloli Address as the owner's mailing address.

On July 15, 2020, the Gibsons filed a supplemental memorandum addressing the issue of the Property address. The Gibsons argued generally that "a genuine issue of material fact exists where the address identified [in the Smith Declaration], and identified in [Bank's] Complaint and Motion as the Property Address it seeks to foreclose, differs from the property address identified in the loan documents offered as evidence by [Bank]." The Gibsons further argued that "this discrepancy raises a genuine issue of material fact as to . . . Smith's credibility and the veracity of all other statements contained in [the Smith D]eclaration."

The continued hearing on Bank's motion for summary judgment was held on July 21, 2020. Regarding the issue of the Property address, Bank referenced its supplemental memorandum and argued: "[T]he Gibsons have not chosen to submit any type of affidavits in opposition or stating that the [M]ortage was not intended to encumber the Kula Kai address, so [Bank] do[es]n't think there is a material issue of fact with respect to that." The Gibsons responded: "[E]ven if [Bank] has been able to address the discrepancy issue [regarding the Property address], that issue really also raises the issue of credibility when it comes to . . . Smith's testimony." After further argument regarding the notice and unclean hands issues raised by the Gibsons (see supra), the Circuit Court concluded there was no genuine issue of

8

material fact and granted the motion for summary judgment and for an interlocutory decree of foreclosure.

On September 1, 2020, the Circuit Court entered the Foreclosure FOFs/COLs/Order, which stated in part:

**FINDINGS OF FACT**[3/]

. . . .

3. [Bank's] <u>Mortgage</u> encumbers the fee simple interest in real property, including all improvements and fixtures, situated at 75-645 Kula Kai Place, Kailua Kona, HI 96740 (TMK: (3) 7-5-012-050) (hereinafter "the Property") and more particularly described in Exhibit "A".

. . . .

9. [The Gibsons] were provided with proper notice of default through their counsel of record which was in accordance to the terms of the <u>Note</u> and <u>Mortgage</u> and the applicable law which included the Hawaii Professional Rules of Conduct and Fair Debt Collection Practices Act.

. . . .

**CONCLUSIONS OF LAW**

. . . .

3. [Gibsons'] defense of unclean hands does not preclude the granting of this interlocutory decree of foreclosure.

4. All of the material elements set forth in <u>Bank of Honolulu, N.A. v. Anderson</u>, 3 Haw. App. 545, 551 (1982); 654 P.2d 1370, 1375 (Haw. App. 1982), have been met by [Bank].

5. There are no genuine issues of material fact, and therefore, [Bank] is entitled to Judgment as a matter of law pursuant to Rule 56 of the Hawaii Rules of Civil Procedure, and an interlocutory decree of foreclosure.

A copy of the property description contained in the Mortgage was attached as exhibit "A" to the Foreclosure FOFs/COLs/Order.

On October 1, 2020, the Gibsons filed their notice of appeal, initiating case no. CAAP-20-0000592.

In their first point of error, the Gibsons contend that the Circuit Court erred in granting Bank's motion for summary judgment because there was a genuine issue of material fact as to whether Bank complied with the notice requirements of the Mortgage. Specifically, the Gibsons argue that under the terms of the Mortgage, the Notice of Default was required to be sent to

---

[3/] We construe the quoted "Findings of Fact" as legal conclusions.

the Property address unless the Gibsons designated a substitute notice address by notice to Bank.[4/]  The Gibsons further argue that because they did not designate a substitute notice address, the Notice of Default was required to be sent to the Property address, and Bank failed to comply with this requirement when it sent the Notice of Default to the Gibsons care of their counsel at their counsel's address.

In order to establish entitlement to foreclose, the foreclosing plaintiff must typically prove "the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice."  Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 367, 390 P.3d 1248, 1254 (2017) (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)).  Here, there is no dispute that on December 28, 2018, Bank mailed the Notice of Default to the Gibsons care of their counsel at their counsel's address via regular and certified mail.  Nor is there any dispute that the Gibsons' counsel:  (1) received the Notice of Default; (2) on January 11, 2019, emailed Bank's counsel requesting additional information regarding the Notice of Default, including a "breakdown of the figures used in [the Notice of Default]" and stating, among other things, "Mr. Gibson will pay the amount in the [Notice of Default] for all appropriate and full releases (full release of mortgage)"; and

---

[4/]    The Mortgage stated, in relevant part:

> **15. Notices.**  All notices given by Borrower or Lender in connection with this Security Instrument must be in writing.  Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means.  Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise.  The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender.  Borrower shall promptly notify Lender of Borrower's change of address.  If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure.  There may be only one designated notice address under this Security Instrument at any one time. . . .  If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

(3) on January 24, 2019, emailed Bank's counsel requesting "a payoff quote good through June 2019[.]" It was over a year later, in their opposition to Bank's motion for summary judgment, that the Gibsons first objected to the method of delivery of the Notice of Default.

Under these circumstances, the Gibsons waived their right under the terms of the Mortgage to have the Notice of Default delivered to the Property Address. The Gibsons' intention to waive this right can be inferred as a matter of law from the acts and conduct of their counsel in acknowledging receipt of the Notice of Default, communicating with Bank's counsel regarding the content of the notice, and advocating on behalf of the Gibsons with respect to the substance of the notice. See Wilart Assoc. v. Kapiolani Plaza, Ltd., 7 Haw. App. 354, 359-60, 766 P.2d 1207, 1210-11 (1988) ("[A] waiver may be expressed or implied, and it may be established by express statement or agreement, or by acts and conduct from which an intention to waive may reasonably be inferred." (brackets, internal quotation marks omitted) (quoting 28 Am. Jur. 2d Estoppel and Waiver § 160 at 845 (1966))); Coon v. City & Cnty. of Honolulu, 98 Hawai'i 233, 261-62, 47 P.3d 348, 376-77 (2002) ("While the question whether a valid waiver exists is generally a question of fact, 'when the facts are undisputed it may become a question of law.'" (quoting Hawaiian Homes Comm'n v. Bush, 43 Haw. 281, 286 (1959))).

Accordingly, we hold that the Circuit Court correctly concluded there was no genuine issue of material fact that Bank complied with the notice requirements of the Mortgage.[5]

In their second point of error, the Gibsons contend that the Circuit Court erred in granting Bank's motion for summary judgment because there was a genuine issue of material fact as to whether the Gibsons' affirmative defense of unclean hands prevented the equitable relief of foreclosure. The Gibsons

---

[5] Although the Circuit Court did not rely on the Gibsons' waiver in determining that they were provided with proper notice of default through their counsel, we may affirm a grant of summary judgment on any grounds appearing in the record, even if the circuit court did not rely on it. See, e.g., Prudential Locations, LLC v. Gagnon, 151 Hawai'i 136, 146, 509 P.3d 1099, 1109 (2022).

argue that because the prior nonjudicial foreclosure was "wrongful," the doctrine of unclean hands bars Bank from judicially foreclosing on the Property.

> [A] plaintiff-movant is not required to disprove affirmative defenses asserted by a defendant in order to prevail on a motion for summary judgment. The plaintiff is only obligated to disprove an affirmative defense on a motion for summary judgment when the defense produces material in support of an affirmative defense. Generally, the defendant has the burden of proof on all affirmative defenses, which includes the burden of proving facts which are essential to the asserted defense.

U.S. Bank Nat'l Ass'n v. Castro, 131 Hawaiʻi 28, 41, 313 P.3d 717, 730 (2013) (citations, quotation marks, and footnote omitted).

The Hawaiʻi Supreme Court "has limited the doctrine of 'unclean hands,' or the equitable maxim 'he who comes into equity must come with clean hands,'" as follows:

> The maxim, considered as a general rule controlling the administration of equitable relief in particular controversies, is confined to misconduct in regard to, or at all events connected with, the matter in litigation, so that it has in some measure affected the equitable relations subsisting between the two parties, and arising out of the transaction; it does not extend to any misconduct, however gross, which is unconnected with the matter in litigation, and with which the opposite party has no concern. When a court of equity is appealed to for relief it will not go outside of the subject matter of the controversy, and make its interference to depend upon the character and conduct of the moving party in no way affecting the equitable right which he asserts against the defendant, or the relief which he demands.

7's Enters., Inc. v. Del Rosario, 111 Hawaiʻi 484, 494–95, 143 P.3d 23, 33–34 (2006) (quoting Woodward v. Auyong, 33 Haw. 810, 811–12 (1936)); see AIG Hawaii Ins. Co., Inc. v. State Farm Ins. Cos., No. 27789, 2008 WL 4539335, at *8 (Haw. App. Oct. 8, 2008) ("In order to assert a claim that one has acted with 'unclean hands,' however, 'some fraudulent or dishonest practice must be shown; some attempted abuse of process; or some conduct evidently contrary to equity and good conscience.'" (quoting Lucas v. American Hawaiian Eng'g & Constr. Co., 16 Haw. 80, 85 (1904))). It is within the trial court's discretion to invoke equitable relief such as the "unclean hands" doctrine. 7's Enters., 111 Hawaiʻi at 489, 143 P.3d at 28 (citing Ueoka v. Szymanski, 107 Hawaiʻi 386, 393, 114 P.3d 892, 899 (2005)).

Here, the Gibsons appear to assert that the prior judicial foreclosure was "wrongful" — giving rise to their unclean hands defense — for two reasons. First, the Gibsons argue that the foreclosing mortgagee (BAC) failed to comply with the requirements of the Mortgage and the power of sale in postponing the foreclosure sale. Second, the Gibsons argue that the foreclosing mortgagee failed to prove that an adequate price was procured for the Property.

As to their first argument, the Gibsons rely on the Circuit Court's conclusion in the Declaratory Relief Action that BAC's nonjudicial foreclosure was void "with respect to the postponement of the original sale date not being published." The Gibsons fail to explain, however, how BAC's failure to publish a postponed sale date in connection with the prior nonjudicial foreclosure affects the judicial foreclosure sought by Bank, particularly where the Gibsons do not dispute that in the Declaratory Relief Action, Bank conceded that the nonjudicial foreclosure was invalid under Hungate and sought to undo it. See 7's Enters., 111 Hawaiʻi at 495, 143 P.3d at 34.

Morever, as to both arguments, the Gibsons do not cite any evidence in the record that would raise a triable issue as to whether the alleged misconduct by BAC reaches the type of fraudulent or dishonest practice, abuse of process, or conduct contrary to equity and good conscience that would justify the Circuit Court finding, in its discretion, that BAC's conduct amounts to Bank's unclean hands. See AIG Hawaii Ins. Co., 2008 WL 4539335, at *8; 7's Enters., 111 Hawaiʻi at 489, 143 P.3d at 28.

On this record, we hold that the Circuit Court correctly concluded there was no genuine issue of material fact that the Gibsons' unclean hands defense did not preclude the granting of the interlocutory decree of foreclosure.

In their third point of error, the Gibsons contend that the Circuit Court erred in granting Bank's motion for summary judgment because the Smith Declaration "raises general issues of material fact regarding overall credibility." The Gibsons argue that "a genuine issue of material fact exists where the address

13

identified [in the Smith Declaration], and identified in [Bank's] Complaint and Motion [for Summary Judgment] as the Property Address it seeks to foreclose, differs from the property address in the loan documents offered as evidence by [Bank]."

The Gibsons' contention is without merit. Bank showed below that the Note was secured by the Mortgage, which encumbered the Property at the Kula Kai Address, as reflected in the attached legal description of the Property, as well as the referenced TMK number, which corresponded to the Kula Kai Address. Bank also submitted a printout of county tax records for the parcel number identified in the Mortgage, which reflected the Kula Kai Address as the location of the Property and the Hienaloli Address as the owner's mailing address. In response, the Gibsons submitted no evidence tending to show that the Mortgage was <u>not</u> intended to encumber the Kula Kai address. See <u>Nozawa v. Operating Eng'rs Local Union No. 3</u>, 142 Hawaiʻi 331, 342, 418 P.3d 1187, 1198 (2018) ("Once a summary judgment movant has satisfied its initial burden of producing support for its claim that there is no genuine issue of material fact, the party opposing summary judgment must 'demonstrate specific facts, as opposed to general allegations, that present a genuine issue worthy of trial.'" (brackets omitted) (quoting <u>Lales v. Wholesale Motors Co.</u>, 133 Hawaiʻi 332, 359, 328 P.3d 341, 368 (2014))). Nor do the Gibsons argue on appeal that the Mortgage was not intended to encumber the Kula Kai address. The Gibsons make no other discernible argument as to how the Smith Declaration raises issues of material fact regarding "overall credibility." <u>See</u> <u>Costa v. Able Distributors, Inc.</u>, 3 Haw. App. 486, 489, 653 P.2d 101, 104 (1982) ("[A] party opposing [a] motion for summary judgment must be able to point to some facts which refute the proof of the movant in some material portion and 'not merely recite the incantation, "Credibility," and have a trial on the hope that a jury may disbelieve factually uncontested proof.'" (quoting <u>Rinieri v. Scanlon</u>, 254 F. Supp. 469, 474 (S.D.N.Y. 1966))).

On this record, we hold that the Circuit Court correctly concluded there was no genuine issue of material fact

that the Mortgage encumbered the fee simple interest in the Property located at the Kula Kai Address.

### III.  Conclusion

For the reasons discussed above, we affirm the following:

(1) In case no. CAAP-18-0000694, the "Judgment" and the "Findings of Fact; Conclusions of Law; Order Granting [Bank's] Motion for Summary Judgment Filed June 4, 2018," both entered on August 7, 2018, in Civil No. 16-1-0422K by the Circuit Court of the Third Circuit; and

(2) In case no. CAAP-20-0000592, the "Judgment" and the "Findings of Fact; Conclusions of Law; Order Granting [Bank's] Motion for Summary Judgment, and for Interlocutory Decree of Foreclosure Against All Parties Filed January 16, 2020," both entered on September 1, 2020, in Civil No. 19-1-079K by the Circuit Court of the Third Circuit.

DATED:  Honolulu, Hawaiʻi, December 22, 2022.


On the briefs:

Richard T. Forrester and
Matthew P. Holm
(Forrester Legal, LLLC)
  for Defendants-Appellants.

Lansen H.G. Leu and
Daniel K. Kikawa
(Leu Okuda & Doi)
  for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

15